INDUSTRIAL LOAN & INVESTMENT CO. *v.* ADAMS COUNTY.

SAME *v.* CITY OF NATCHEZ.

(Division A.   May 16, 1932.)

[141 So. 756.   No. 30033.]

Brandon & Brandon, of Natchez, for appellant.

Kennedy & Geisenberger, of Natchez, for appellee, Adams county.

Engle & Laub, of Natchez, for appellee.

W. C. Martin, of Natchez, on behalf of City of Natchez, appellee.

Argued orally by **G. H. Brandon,** for appellant, and by **Lawrence T. Kennedy,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

These cases present appeals from assessments for taxation of debts due the appellant. Under section 3108,

Code of 1930, "all notes and evidences of indebtedness bearing a rate of interest not greater than six per cent. per annum, and all money loaned at a rate of interest not exceeding six per cent per annum" are exempt from taxation.

The appellant is a domestic corporation engaged in lending money to be repaid in installments. When making a loan for, to illustrate, one hundred dollars, it delivers to the borrower ninety-five dollars in cash, and takes his note for one hundred dollars payable in ten monthly installments of ten dollars each. On the failure to pay any installment, all the other installments immediately become due and payable. The note bears interest only after maturity, and then at the rate of six per cent. per annum. Such a note is not within the provision of section 1971, Code of 1930, for two reasons: The interest payable before maturity of the note is deducted therefrom instead of being added to the principal, the aggregate thereof being then divided into monthly payments, and is not at the rate of five per cent. per annum for the length of time the note runs, but is flat five per cent.

Leaving out of view the effect, if any, on the rate of interest on such a loan of the fact that it is repayable in installments, of which the appellant, of course, cannot complain, and treating it as a loan due ten months after date, what actually occurs when it is made is this: The lender delivers to the borrower ninety-five dollars, and takes his note for one hundred dollars due ten months after date, the five dollars retained by the borrower representing the interest on the loan prior to its maturity. Hyde v. Finley, 26 Miss. 468; Chandler v. Cooke (Miss.), 137 So. 496. Interest at the rate of six per cent. per annum on the loan would be only four dollars and seventy-five cents, consequently the lender collects thereon a rate of interest exceeding six per cent.

per annum, and therefore the loan is not exempt from taxation.

In Equitable Finance Co. v. Board of Supervisors of Lee County, 146 Miss. 734, 111 So. 871, a dealer in automobiles took from the purchasers thereof notes for deferred payments, bearing interest at the rate of six per cent. per annum. He sold them to another at a discount, which, when added to the interest which the maker agreed to pay, would net the purchaser more than six per cent. per annum on the face of the notes. The purchaser was sought to be taxed on the notes on the theory that the discount paid therefor by him when added to the interest borne by the notes, made them in effect loans by him, at at greater rate of interest than six per cent. per annum. The court held that such was not the case; the test of the rate of interest on the notes for the purpose of taxation being that which the maker actually paid or contracted to pay thereon.

Affirmed.