JOHNSON et al. v. CARTER et ux.

(In Banc. Jan. 12, 1948. Suggestion of Error Overruled Feb. 23, 1948.)

[33 So. (2d) 296. No. 36639.]

**J. F. Dean** and **Harper Johnson**, both of Senatobia, for appellants.

40

Gerald Chatham, of Hernando, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Appellees borrowed $1600 from appellant, Harper Johnson, the transaction being evidenced by two notes executed by appellees dated January 17, 1928, the first being for $849, due December 19, 1928, and the second for $954, due December 15, 1929. The first note was in the following words and figures:

"Senatobia, Miss. January 17th, 1928. $849.00. On or before December 15, 1928, after date I, we, or either of us, promise to pay to the order of Harper Johnson, or bearer, Eight hundred Forty nine Dollars, for value received, with interest at the rate of 8 per cent per annum after maturity until paid, with reasonable attorney's fees for collection if not paid when due. All signers of this note are principals.

H. S. Carter

Bertha Carter."

The second note was in the same words and figures except as to amount and due date. And both were secured by a deed of trust of even date on two tracts of land constituting the homestead of the borrowers, and about ten head of livestock. The agreement was that the rate of interest should be six per cent per annum before maturity, and, further, that Johnson, who was a practicing lawyer, should himself make the examination of the records touching the title to the lands offered as security and should prepare the deed of trust and the other proper papers for which he should receive a fee of $50 to be added to the principal of the first note, so that the bor-

rowers should receive the entire amount of the loan of $1,600. It was further agreed that the interest for the first year on the entire amount of the loan should be payable as a part of the first note, and that the first note should cover $700 of the principal, leaving $900 of the principal to go over into the second note.

Thus the first note was calculated at $700 principal; one year's interest at six per cent on the whole amount of the loan, $96, plus the $50 fee with six per cent interest, thereon, $53, totaling $849; the second note $900 principal and $54 interest, totaling $954. Inasmuch, however, as the date of the first note and its due date was less than a period of twelve months apart, it will be seen at once that the rate of interest carried into the first note exceeded six per cent per annum.

Appellees say, therefore, that inasmuch as the oral contract between the parties was for six percent interest, the taking of the first note, which embraced more than six per cent, rendered the transaction usurious under Section 37, Code 1942.

That section reads as follows: "If any person shall lend to another any sum of money and take any note or evidence of debt which shall stipulate a rate of interest not greater than six per centum per annum after the date or after maturity, but who shall in fact contract for, charge, collect or receive as compensation or consideration for, or as a result of, such loan, directly or indirectly, a sum of money in excess of six per centum per annum from the date of the loan, or a sum of money when taken with the interest contracted for, is in excess of six per centum per annum from the date of the loan, such person shall forfeit all interest, and if the interest shall have been paid, same may be recovered by suit."

It will be observed, however, that the said first note did not "stipulate a rate of interest not greater than six per centum per annum after the date", and that its stipulation after maturity was eight per cent, and this latter is the only interest stipulated anywhere in the note. The

quoted statute was enacted to prevent evasions of the statute Section 9697, subdivision (v), exempting from taxation notes and loans made at a rate of interest not greater than six per cent per annum. What had been happening was that lenders would take notes which would recite a rate of interest of six per cent or less which could be shown to the taxing authorities, when in fact the lender would collect by a side agreement a greater interest.

The note here involved was no such note as the statute embraces, and said Section 37, Code 1942, has no application to the present case. Compare Armstrong v. Alliance Trust Co., 5 Cir., 88 F. (2d) 449. If there is any usury, it must be found in the eight per cent statute, Section 36, Code 1942.

Calculating on the basis of eight per cent interest, it will be found that Section 36 is not violated unless the $50 fee is to be considered as in the nature of interest and not as a legitimate and reasonable charge for professional services rendered, and to which the borrowers agreed before the loan was consummated.

We have a number of decisions in this State in which in usury cases, as in others, the court has looked at transactions in their actual character, piercing through the screen of technical attitudes to what are realities, and has regarded substance rather than formal similitude, and when by so doing it has been found that clever devices, and some not so clever, have been used in the attempt to conceal usury, the devices have had their proper appraisal as such.

But none will deny that a lender is entitled to demand sound and proper security and that the security shall be worth the loan. He has the right to require an abstract of title approved by a competent attorney and to have the security papers, whether by mortgage or deed of trust, prepared by a person competent to do so. He has the right, therefore, to say to the borrower that these requirements must be met at the borrower's expense. And

inasmuch as all this must be done to the satisfaction of the lender, we can see no good reason why the borrower may not agree that the lender himself when the latter is a practicing attorney shall examine the title and prepare the papers so long as not more than an entirely reasonable professional fee is charged for that service.

The subject is elaborately annotated in 21 A. L. R., pp. 797-902, and among the cases cited is Sanders v. Nicolson, 101 Ga. 739, 28 S. E. 976, wherein it was held that where the lender was a lawyer, and rendered professional services in examining the title to the property tendered as security and in straightening out the title and the charge made was such as to show that it was solely for that service and not in part as a consideration for making the loan, there would be no usury. We concur in that conclusion and adopt it in the case now before us, it not being alleged in the pleadings or intimated in the briefs that the charge was not reasonable, or that it was in any such amount as to support the conclusion that any part of it was for anything else than the professional services rendered; and as we have already stated, it was done with the knowledge of the borrowers and by agreement with them before the work was begun. It was a work done for them, not as compensation for the use of the money, but to show that they were entitled to the loan by their ownership of an adequate security, and to make this showing was a professional and not a lender's task.

Reversed and remanded.