## BAILEY v. NORTH AMERICAN FINANCE CO.

Division B. Sept. 24, 1951.

No. 38121 (54 So. (2d) 227)

**John G. Burkett,** for appellant.

Creekmore & Creekmore, for appellee.

106

**Ethridge, C.**

Appellant, Mrs. Thomas L. Bailey, State Tax Collector, and plaintiff in the court below, seeks to back

assess appellee, North American Finance Company, defendant below, for state, county, and City of Jackson ad valorem taxes for 1949 on certain notes and debts owned by appellee. The Circuit Court of Hinds County, acting without a jury and affirming the Board of Supervisors of Hinds County and the City Council of Jackson, disallowed the back assessments. On appeal by the State Tax Collector these two causes were consolidated. Miss. Code of 1942, 1950 Supp., Sec. 9697(u) provides in part that the following property shall be exempt from ad valorem taxation: "* * * all notes and evidences of indebtedness bearing a rate of interest not greater than six percent (6%) per annum, and all money loaned at a rate of interest not exceeding six percent (6%) per annum * * *". Miss. Laws 1946, Ch. 234, Sec. 1. The question is whether the loans which appellee makes are in excess of six per cent interest per annum under the terms of the quoted statutory provision. We hold that they are not, that the notes owned by appellee are exempt from taxation under Sec. 9697(u), and therefore affirm the judgment of the circuit court.

Appellee is a Mississippi corporation with its principal offices and place of business in Jackson, Mississippi. It is engaged in the business of loaning money on the monthly installment loan plan as authorized by Miss. Laws 1916, Ch. 136, now Code of 1942, Secs. 5590 and 5591, which provide:

"5590. Monthly instalment loans—how interest may be paid.—Any persons, natural or artificial, including domestic and foreign corporations, lending money in this state to be paid back in monthly instalments, may charge interest thereon at the rate of five per cent. per annum or less, for the entire period of the loan, and aggregate the principal and interest for the entire period of the loan, and divide the same into monthly instalments, and may take security therefor by mortgage, deed of trust, or title, with waiver of exemption, upon and to real estate or personal property, or both."

"5591. Loan paid before maturity—how.—In any such loan contract as authorized in last preceding section provision may be made requiring the borrower, upon exercising any option to repay the loan before maturity, or upon any default in the payment of the monthly instalments of principal and interest, or upon the breach of any covenant entitling the lender to declare the whole indebtedness due and payable and to a foreclosure of the security, to repay the loan upon the following basis of settlement: The principal debt, with interest thereon at the rate of ten per cent. per annum, and allowing credit for all payments of instalments of principal and interest upon loan, with interest thereon at the rate of ten per cent. per annum from the date of payment to said lender, computed annually in accordance with the laws of the state of Mississippi.

"Any such loan contract, and all the provisions thereof, shall be valid for the amount of the principal and interest charged, and such contracts shall not be held usurious."

Code Sec. 36 fixes the legal rate of interest on notes at six per cent per annum, but allows the parties to agree in writing to an eight per cent rate.

Appellee makes all of its loans strictly in accordance with the above quoted installment loan statute, Sec. 5590. No issue is made here concerning usury. Appellee charges interest on the money loaned at the rate of interest of five per cent per annum for the entire period of the loan, and then aggregates the principal and interest and divides the total into monthly installments. Since the loan is repaid in monthly installments, the interest yield which appellee receives for the use of its money is in most instances more than six per cent. For example, under the statutory plan a loan of $120 for twelve months at five per cent interest per annum results in a total note of $126. Since the borrower repays it in twelve monthly installments of $10.50 each, he does not have the use of

all of the money for the entire period, but for six and one-half months.

Appellant insists that the actual period of use of the full sum must be considered in determining the "rate of interest" under the exemption statute, and that the appellee's yield on such a loan would be more than six per cent on that basis. Under the above example, it would be 9.23 per cent. However, ██ we think that the phrase "rate of interest" in Sec. 9697(u) was intended by the Legislature to mean the usual, ordinary, and everyday sense of the term, in common understanding, which is the interest which is charged for the period of the loan, namely, the per centum of the amount lent which is charged for the use of the money for a fixed period of time, which is the thing contracted for by the parties.

Sec. 5590, which is designed to encourage the making of small loans at a low interest rate, specifically provides that a lender who follows the procedure outlined in that statute is charging interest "at the rate of five per cent. per annum." Code of 1942, Sec. 9697(u) grants the exemption for notes "bearing a rate of interest not greater than six per cent (6%) per annum." The latter provision was apparently first enacted in 1912, Miss. Laws 1912, Ch. 241. See also Miss. Laws, 1916, Ch. 100; Hemingway's Code of 1917, Sec. 6879(w); Miss. Code 1930, Sec. 3108. When the installment loan statute of 1916 was enacted, the exemption act had been in effect four years, and we think that the Legislature intended that the later statute would be within the provisions of the earlier one. A contrary result would have discouraged the salutary purposes of the installment loan act.

It would also have been inconsistent with the terms of the two statutes. The exemption is for notes "bearing" the stated rate of interest. Notes used by appellee did not state on their face any rate of interest before maturity, but the amount of the loan and note was the aggregate

of principal and five per cent interest for the period. The notes were "bearing" or carrying interest at less than the rate necessary for exemption. They were made in accord with Sec. 5590, which provides that installment loans so computed were "at the rate [of interest] of five per cent. per annum". The ordinary meaning of these two statutes read together indicates that the Legislature in granting the exemption contemplated not an accountant's conception of an "effective" rate of interest or interest yield, but the usual sense of the term, the interest which is charged and agreed to by the parties for the period of the loan.

Code Sec. 41 supports this construction. Its source was Miss. Laws 1926, Ch. 179, which provides:

"That where an interest rate is provided, mentioned or allowed by any statute of this state which would subject the evidence of indebtedness upon which such interest applied to taxation, such interest rate shall not in any action or suit hereafter filed or tried, be held to subject such evidence of indebtedness to taxation by reason merely of the collection, or payment, or contract for payment of earned interest at the statutory, or prescribed maximum rate per annum with semi-annual rests.

"That the maximum rate of interest may be charged on all loans where principal and interest both fall due at the same time in less than one year after the date of the note evidencing same."

Chapter 179 made specific reference to the tax exemption statute in question. It indicated the interrelationship of both. It apparently was aimed at the contrary result in Rogers v. Rivers, 1924, 135 Miss. 756, 100 So. 385, 37 A. L. R. 313. Sec. 1951, Code of 1930, which is the present Code of 1942, Sec. 41, was a complete redraft of Chap. 179, Laws of 1926, in the apparent belief that its original purpose was thereby preserved. Sec. 41 provides: "Interest rates—how same may be paid.—When any particular rate of interest per annum is specified in any contract or evidence of indebtedness it shall not be

construed as any increase of said rate merely that the interest at the specified rate per annum is stipulated to be paid quarterly, or semi-annually, or at any other period less than a year, nor shall the fact that the principal and interest is paid at a date earlier than that stipulated in the contract or evidence of indebtedness be taken as any increase of the rate per centum although paid for the whole period stipulated."

This act specifically states that the mere fact that interest is paid in installments "shall not be construed as any increase of said rate" of interest. It defines the interpretation of "rate of interest" where the interest is paid in installments. And its earlier draft indicated the relationship of that phrase to the one used in the exemption statute. See also Ch. 137, Laws of 1914, now Code of 1942, Sec. 37; Johnson v. Carter, 1948, 203 Miss. 38, 33 So. (2d) 296. The Legislature manifestly intended that transactions conformable to the installment loan act should not be taxable.

In Industrial Loan and Investment Company v. Adams County, 1932, 163 Miss. 654, 141 So. 756, tax exemption of notes representing loans made by appellant was denied because the loans did not comply with the installment loan act. The Court pretermitted a decision on the present issue. Somewhat analogous on the distinction between rate of interest and interest yield is Equitable Finance Company v. Board of Supervisors of Lee County, 1927, 146 Miss. 734, 111 So. 871, 872, where auto lien notes bearing not over six per cent interest were held to be exempt. The exemption was not affected by the fact that appellant, which obtained the notes from the automobile sales company, bought them at a discount. The Court said that it did not think "that the test is whether the owner of the notes * * * gets them at such a discount as will enable him to reap more than 6 per cent in profit on his money." To the same effect on a bond issue is Golden Gate Bridge & Highway District v. Filmer, 1933, 217 Cal. 754, 21 P. (2d) 112, 114, 91

A. L. R. 1. In that case the court refused to adopt the accountant's phrase " 'effective rate' of interest," or interest yield, and held that the phrase rate of interest meant "what is usually called interest by those who pay and those who receive the amount so denominated in bond and coupon." Old Colony Railroad Co. v. Commissioner of Internal Revenue, 1931, 284 U. S. 552, 52 S. Ct. 211, 214, 76 L. Ed. 484.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the judgment of the Court below is affirmed.