WEINER *v.* SWALES ET AL.

[No. 237, September Term, 1957.]

124

*Decided May 23, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *Paul J. Bailey* for appellant.

No brief and no appearance for appellees.

HAMMOND, J., delivered the opinion of the Court.

Weiner, a practicing attorney, lent the appellees, the Swaleses, $3,157.00, and took a confessed judgment note payable on demand, in which the borrowers agreed upon default "to pay the costs and charges for collecting same, including attorney's commission of fifteen (15%) per cent for collection (said 15% to be entered as part of the costs)", and authorized the entry of judgment for the amount of the note "including debt, interest and costs * * *." There was default and Weiner filed a declaration, which he signed as attorney, claiming the principal amount with interest and costs and 15% attorney's fees, and on the same day judgment was entered as prayed. The Swaleses were summoned within a month of the judgment but took no action until a fi fa was issued some ten months later. Then they paid into court all sums claimed and moved for satisfaction of the judgment, reciting that they had tendered the principal sum with interest and costs, except the 15% attorney's commissions; that the tender had been refused; and that since Weiner had not em-

ployed an attorney to file suit or to collect the judgment, he was not legally entitled to collect an attorney's fee. They requested the suspension of the sale of their property and distribution of the sum paid into court as the circumstances properly required. The court suspended the sale and Weiner answered the Swaleses' motion by saying "that he could engage any attorney and that he could legally engage himself and that the Attorney's Commission is due and owing and that the Defendants made no protest to the Attorney's Commission when they were summoned * * * and the said judgment, including the Attorney's Commission is valid and binding." After hearing, the court ordered that Weiner's claim for $473.55 attorney's commission be disallowed and that said sum be paid to the Swaleses, Weiner receiving the principal sum and interest and such costs as he had paid. Weiner appeals from this order.

Essentially the basis of the lower court's decision was that "It seems implicit in the provisions of the note that the 15% commission shall be payable only to an attorney employed in the case or to the plaintiff in reimbursement for his expenses in employing such an attorney, and that plaintiff is not entitled to collect such additional compensation when he acts in proper person." We agree with the court.

All of the words used in relation to that which the borrowers were to pay, in addition to principal and interest, have generally been held to mean a right to reimbursement for out-of-pocket expenses allowed by the law. Costs are "a pecuniary allowance, made to the successful party (and recoverable from the losing party) for his expenses in prosecuting or defending a suit * * *." *Black, Law Dictionary* (4th ed.), 415. In *Hayman v. Morris*, 37 N. Y. S. 2d 884, 891, the Court said that costs (which generally do not include attorney's fees) are given by law as an indemnity and are not imposed as a punishment upon one who pays them or as a bonus to the one who receives them, as well as that costs "are not awarded as a gratuity or emolument for inconvenience sustained, but constitute compensation for expense * * *." "Charges" are defined in *Black, op. cit.,* 295, as the "expenses which have been incurred, or disbursements made,

in connection with a contract, suit, or business transaction. Spoken of an action, it is said that the term includes more than that which falls within the technical description of 'costs'." "Commission" is defined by *Black* as "The recompense. or reward of an agent, factor, broker, or bailee * * *." This Court said in *Webster v. People's Loan, Savings & Deposit Bank,* 160 Md. 57, 62-63, that attorney's commissions in a confessed judgment note are payable "by way of indemnity, to the extent stipulated, for the expense of employing an attorney to collect by suit at law the principal debt. * * *" and added that "If the plaintiff pays less for the services of his attorney than the amount stipulated, or allowed by the court * * *, then it is his duty to remit or credit the difference * * *." In *Bowie v. Hall,* 69 Md. 433, 435-436, it was held that the effect of the provision for attorney's commission "is clearly not to put any money above the legal rate of interest, into the pocket of the lender, but merely to enable him to get back his money with legal interest and nothing more." The Court, in *Gaither v. Tolson,* 84 Md. 637, 642, in dealing with the covenant in a mortgage to pay attorney's commissions incurred in its collection, said: "We would not decide that the holder of a mortgage could employ himself as attorney, or could employ a firm of which he was a member as his attorneys, and charge the expense of such employment on the proceeds of sale."

We think it clear that the note used the terms it did in their usual meaning and must be deemed to have intended the result that this Court had indicated would follow their use. So read, the agreement of the borrowers was only to reimburse Weiner for his actual monetary expenses or disbursements incurred in the collection of the note and no authority was given him to collect and retain as his own the attorney's commissions that would have been payable if he had employed and paid counsel. To construe the note otherwise would cause usury to rear its ugly head before us, and the indications in the cases are, although we need not decide the question, that the provision would be unenforceable if it meant that a lender, who is an attorney, is to receive attorney's fees for collecting the money he lent. *Bowie v. Hall;*

*Webster v. People's Loan, Savings & Deposit Bank,* both *supra; Sanders v. Nicolson* (Ga.), 28 S. E. 976; *Johnson v. Carter* (Miss.), 33 So. 2d 296.

The borrowers did not challenge the propriety of the attorney's commissions until well after the judgment had become enrolled. It is not clear whether Weiner's answer meant to challenge the right to do so for this reason, but, in any event, it is entirely clear that the contention was not made below nor did the trial court pass on it. We think that the borrowers had the right to ask the court in which the judgment was rendered to determine whether or not payment of the principal, interest, and costs other than the attorney's commissions constituted a satisfaction of the judgment. The authority to enter judgment is not by consent of the parties but by virtue of Maryland Rule 645 (the predecessor of which was Art. 26, Sec. 6, of the Codes, 1951, 1939 and 1924), and the entry must be strictly "in accordance with the terms of the consent." *Webster v. People's Loan, Savings & Deposit Bank, supra,* at page 60 of 160 Md. In *Forwood v. Magness,* 143 Md. 1, 7-8, the Court adopted as the law the rule that "* * * the only basis for the acts of the attorney entering an appearance and confessing a judgment against the party who signed the warrant is found in the warrant itself, * * *. * * * an attorney acting under a warrant cannot change its terms or enlarge its scope." In *Johnson v. Phillips,* 143 Md. 16, the Court, in discussing an attack on a confessed judgment made after the term in which it was entered, noted that the same rule as to the term applied in a confessed judgment as in a judgment after trial, but held subject to attack, as void, that part of the judgment allowing an attorney's fee because the note authorized a reasonable fee (which the court would have to fix) and not a specified sum which the attorney had confessed. The Court adopted the language of 1 *Black, Judgments,* Sec. 75, and said that the attorney had acted "in excess of his authority, and the judgment so entered, without the intervention of the court, is void" (as to the attorney's fees). The Court, in *Webster v. People's Loan, Savings & Deposit Bank,* cited above, said at page 63 of 160 Md., that if the attorney's fees exceeded

an indemnity for actual out-of-pocket expenses, its entry would be beyond the authority of the attorney and that "For the appropriation by the plaintiff of any part of the fees, or the payment of them without corresponding services, or the failure to allow proper credits, the errors can be corrected on motion made in the case by the defendant. *Gorsuch v. Thomas,* 57 Md. 334. After an entry of satisfaction, the defendant may obtain relief by an accounting." In *Gorsuch v. Thomas,* the Court, in refusing equitable aid to enjoin the enforcement of judgment several years after it had been entered, said that it would be proper for the judgment debtor to file a motion in the law court to stay execution until the matter of proper credits on the judgment were determined. We think that the lower court had power to require the attorney's fees entered by the clerk to be stricken from the judgment as void, and that its order must be affirmed.

*Order affirmed, with costs.*