631 A.2d 139

**John M. SENEY, Jr.**

v.

**Mary Kay SENEY et al.**

**No. 3, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Sept. 30, 1993.

Robert J. Thieblot (Michael N. Russo, Jr. and Thieblot, Ryan, Martin & Ferguson, on the brief), Baltimore, for appellant.

L. Robert Evans (Michael J. Chomel and Evans, George and Bronstein, on the brief), Towson, for appellees.

Argued before BLOOM, CATHELL and MOTZ, JJ.

CATHELL, Judge.

Mary Kay Seney, appellee, sued the City of Baltimore (not a party to this appeal), contesting the condemnation of several properties which she had owned with her former husband, John M. Seney, Jr., appellant, claiming that she did not receive adequate notice of the condemnation. Appellant was impleaded by Baltimore City as a third party defendant in the suit. The judge, after a court trial, found for the defendants, ruling that Mrs. Seney was represented by counsel at the original condemnation proceedings, and therefore had adequate notice. Mrs. Seney's attorney, Mr. L. Robert Evans, then filed a motion for fees under Maryland Rule 1–341.[1] After a hearing, the trial judge ordered appellant to pay $10,000 of Mrs. Seney's attorney's fees. This appeal followed. Mrs. Seney's counsel cross-appealed, alleging that the court erred in awarding only $10,000 in attorney's fees, when the actual fees were approximately $50,000. No actual fees were ever paid by Mrs. Seney.

Appellant presents three questions, which we reformulate as follows:

1. When a plaintiff enters into a contingency fee arrangement with her attorney and subsequently loses the case may the court order that plaintiff's counsel neverthe-

---

1. Though the motion was filed in the case of Mrs. Seney, the issue is, in fact, being litigated by her lawyer for his benefit.

less be paid under the provisions of Rule 1–341 (the reimbursement rule)?

2. Is a defense offered at trial which includes testimony directly contradictory to previous sworn testimony necessarily in bad faith or without substantial justification within the meaning of Rule 1–341?

3. Was the necessary foundation laid for an award of a $10,000.00 attorney's fee under Rule 1–341?

We answer questions one and two in the negative and shall reverse.

Because we reverse the award of attorney's fees under Rule 1–341, it will not be necessary for us to address question three or the issue raised on cross-appeal.

## THE FACTS

Appellant and Mrs. Seney jointly owned several properties in the downtown Baltimore area now occupied by Festival Hall. The City of Baltimore acquired the properties through condemnation proceedings. Appellant and his attorney appeared at a settlement with the City, where they turned over a deed to certain properties and received payment from the City. The deed contained the purported signatures of appellant, Mrs. Seney, and J. Marion Seney, appellant's father.

The Seneys were subsequently divorced and, as part of the divorce settlement, Mrs. Seney signed a general release of all claims against Appellant.

After the divorce became final, Mrs. Seney sued Baltimore City, claiming that she did not know the properties had been condemned, that she had not been served with process, and that the attorney representing appellant at settlement with the City did not also represent her. (Apparently, she did not name the appellant because she had given him a release as a part of the divorce settlement.) She claimed that her signatures on the settlement documents had been forged by appellant. If Mrs. Seney had prevailed in that action, she would be

co-owner with Baltimore City of the several lots now covered by Festival Hall.

In the prior divorce proceeding and in answers to interrogatories propounded by Baltimore City, appellant had stated, under oath, that Mrs. Seney had signed the settlement papers. In his deposition taken in Mrs. Seney's suit and again when testifying at trial, appellant admitted signing his then wife's name on the settlement papers, but maintained that Mrs. Seney authorized the signatures and that she was aware of the condemnation action.

After a three-day trial, the court granted a motion for judgment in favor of Baltimore City and appellant, the third-party defendant. In her disposition of the case, the trial judge found that appellant had perjured himself when he changed his earlier story, and that the truth of some of his trial testimony was questionable. The judge also questioned Mrs. Seney's testimony that she did not understand the consequences of signing three mortgages, and did not know that she was a co-owner of the condemned properties. The judge concluded that Mrs. Seney "accepted the settlement understanding that it was part of the money that came from the condemnation.... [T]here has been no renunciation of the ... other monies that were received from the balance of the properties.... I believe that Mrs. Seney was properly served [with process] through her attorney...."

■ Ten days later, Mr. Evans's law firm joined Mrs. Seney in a motion for attorney's fees under Rule 1–341.[2] Mr. Evans was sworn as a witness and testified that he had a contingency fee agreement with Mrs. Seney in the condemnation case. After a brief colloquy describing appellant's conflicting testimony, Mr. Evans testified regarding the hours of

---

2. While it was argued at the hearing that Mr. Evans and his law firm were not parties and could not join in the motion for sanctions, the issue was not raised on appeal, and our disposition of this case makes it unnecessary to decide the issue. We note, however, that an attorney generally has no separate standing from a client and that Rule 1–341 was not designed to give an attorney a separate cause of action.

legal work spent to prove that appellant signed his wife's name to the documents.

## THE LAW

Maryland Rule 1–341 reads:

In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.

The Court of Appeals has expressly adopted a standard of review for an award of attorney's fees under this rule.

... [B]efore imposing sanctions in the form of costs and/or attorney's fees under Rule 1–341, the judge must make two separate findings that are subject to scrutiny under two related standards of appellate review. First, the judge must find that the proceeding was maintained or defended in bad faith and/or without substantial justification. This finding will be affirmed unless it is clearly erroneous or involves an erroneous application of law. Second, the judge must find that the bad faith and/or lack of substantial justification merits the assessment of costs and/or attorney's fees. This finding will be affirmed unless it was an abuse of discretion.

*Inlet Associates v. Harrison Inn Inlet, Inc.*, 324 Md. 254, 267–68, 596 A.2d 1049 (1991). *See also Deleon Enterprises, Inc. v. Zaino*, 92 Md.App. 399, 415, 608 A.2d 828 (1992); *Art Form Interiors, Inc. v. Columbia Homes, Inc.*, 92 Md.App. 587, 593–94, 609 A.2d 370 *cert. denied*, 328 Md. 567, 616 A.2d 378 (1992).

Awarding attorney's fees under this rule is an extraordinary remedy, and it should be used sparingly. *Inlet Associates*, 324 Md. at 277, n. 4, 596 A.2d 1049 (Bell, J. dissenting); *Talley v. Talley*, 317 Md. 428, 438, 564 A.2d 777 (1989) (rule is extraordinary remedy and should reach only intentional mis-

conduct); *Black v. Fox Hills N. Community Ass'n, Inc.,* 90 Md.App. 75, 84, 599 A.2d 1228, *cert. denied,* 326 Md. 177, 604 A.2d 444 (1992) (rule should be invoked only for clear, serious abuses of judicial processes). "Rule 1–341 sanctions are judicially guided missiles pointed at those who proceed in the courts without any colorable right to do so." *Legal Aid Bureau, Inc. v. Bishop's Garth,* 75 Md.App. 214, 224, 540 A.2d 1175, *cert. denied,* 313 Md. 611, 547 A.2d 188 (1988). *See also Dixon v. DeLance,* 84 Md.App. 441, 451, 579 A.2d 1213 (1990), *cert. denied,* 321 Md. 501, 583 A.2d 275 (1991); *Kelley v. Dowell,* 81 Md.App. 338, 341, 567 A.2d 521 *cert. denied,* 319 Md. 303, 572 A.2d 182 (1990); *Needle v. White, Mindel, Clarke and Hill,* 81 Md.App. 463, 470, *cert. denied,* 319 Md. 582, 573 A.2d 1338 (1990); *Legal Aid Bureau, Inc. v. Farmer,* 74 Md.App. 707, 722, 539 A.2d 1173 (1988).

### 1.

Mr. Evans gave uncontradicted testimony on direct examination in the sanctions hearing that he had a contingency fee arrangement with Mrs. Seney. Mrs. Seney lost the case, therefore, under her contract with Mr. Evans,[3] she was not liable for any attorney's fees. Appellant argued at trial and argues in his brief that, under the plain language of the rule, the adverse party, Mrs. Seney, had not incurred any attorney's fees. Mrs. Seney's attorney counters that allowing appellant to "wriggle free" would reward his "perjury" and encourage opprobrious behavior in other cases where contingency fee agreements exist.

Under Rule 1–341, the offending party may be ordered to pay "to the adverse party" costs and expenses, "including reasonable attorney's fees, incurred by the adverse party in opposing" the offending conduct.

---

**3.** Mr. Evans did not produce a signed fee agreement at the hearing; however, he testified that Mrs. Seney had in fact signed a copy of the agreement. Mrs. Seney apparently did not appear at the hearing, and there was no conflicting testimony on this point.

In *U.S. Health, Inc. v. State,* 87 Md.App. 116, 589 A.2d 485, *cert. denied,* 324 Md. 69, 595 A.2d 482 (1991), we held that the appellant had filed a frivolous appeal from an administrative action, and that the appellee, the Attorney General's Office, was entitled to attorney's fees under Rule 1–341. The Attorney General had requested "market rates" of $125 per hour for its legal work in opposing the frivolous appeal. We rejected the "market rate" argument and the federal cases cited in support thereof, holding that the goals of the Federal Rule of Civil Procedure 11 [4] were deterrence, punishment, and compensation, whereas Rule 1–341 was not designed to punish but to reimburse parties for expenses and reasonable attorney's fees actually incurred. *Id.* at 130–31, 589 A.2d 485.

We were careful to determine the actual cost of the legal services to the Attorney General's Office, not the market value of the services performed by the specific attorney working on the case.

> It may be difficult to determine and prove the actual cost and expenses *to the employer* for each hour of its counsel's legal services in order to recover those expenses when such recovery is permitted by rule or statute. But that difficulty does not permit us to ignore the fact that Rule 1–341 permits recovery for actual expenses incurred, not for an amount that would have been incurred had the party re-

---

**4.** Federal Rule of Civil Procedure 11 states, in pertinent part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

tained outside counsel who charged an amount that the Court would accept to be a reasonable fee.

*Id.* at 131, 589 A.2d 485 (emphasis added). *See also Beery v. Maryland Medical Laboratory, Inc.,* 89 Md.App. 81, 102, 597 A.2d 516 (1991), *cert. denied,* 325 Md. 329, 600 A.2d 850 (1992) ("Rule 1–341 ... is not punitive but is intended merely to compensate the aggrieved party for their reasonable costs and expenses, including reasonable attorney's fees, actually incurred in opposing the unjustified or bad faith conduct.") This court has emphasized that Rule 1–341 is not a sanctions rule in the same sense as Federal Rule of Civil Procedure 11. It does not provide for a monetary award to punish a party that misbehaves. The Rule's purpose is to put a prevailing *party* in the same position as if the wrongful party's offending conduct had not occurred. *Beery,* 89 Md.App. at 102, 597 A.2d 516; *U.S. Health,* 87 Md.App. at 130–31, 589 A.2d 485.

When a party takes money out of her pocket and gives it to the court or to her attorney because of the opposing party's substantially unjustified or bad faith actions, the court may order reimbursement of that money by the opposing party, or the opposing party's attorney, to the aggrieved party. "Rule 1–341 clearly permits a court to direct the payment of a sanction by the offending party, or attorney, or both of them. The rule directs, however, that payment be made to the adverse party, rather than to that party's attorney." *Talley v. Talley,* 317 Md. 428, 437 n. 3, 564 A.2d 777 (1989).

▬▬  When, however, a party does not incur any expense for attorney's fees, those fees cannot be reimbursed. Mr. Evans took a calculated risk in entering into the contingent fee arrangement.[5]  He expected no fee for his services if he

---

5. Under Maryland agency law, an agent hired on a contingent fee contract is not entitled to compensation until the contingency occurs and there is a recovery. The attorney-client relationship is an agency relationship, governed by agency law. *But see Skeens v. Miller,* 331 Md. 331, 628 A.2d 185, 194 (1993) (Murphy, C.J., Eldridge and Bell, JJ., dissenting), *infra.*

lost.[6] He lost. Rule 1–341 does not offer him the opportunity to get from his client's opponents what he cannot get from his client.

■ We hold that Rule 1–341, in those rare cases when it is appropriate, only allows the court to award attorney's fees actually incurred by the moving party, and that when that party's attorney is not entitled to a fee under an agreement with the party, the court will not require that a fee be paid by an opposing party. To hold to the contrary would be to invite attorneys hired on the basis of contingencies to file claims for their services against the winning party, when, as we have said, they cannot collect from their own clients whose cases they have lost. Maryland Rule 1–341 was not intended to reduce the risks inherent in contingent fee arrangements.[7]

**2.**

■ Appellant contends that his conduct was not within the meaning of "bad faith" or "without substantial justification" as required by Rule 1–341. According to the Court of Appeals, substantial justification is "a reasonable basis for believing that a case will generate a factual issue for the fact-finder at trial[,]" or a position that is " 'fairly debatable' and 'within the realm of legitimate advocacy.' " *Inlet Associates,* 324 Md. at 268, 596 A.2d 1049 (citing *Newman v. Reilly,* 314 Md. 364, 550 A.2d 959 (1988); and *Needle,* 81 Md.App. at 476, 568 A.2d 856). The Court also looked to the comment in the Maryland Lawyers' Rules of Professional Conduct, Rule 3.1, where an

---

6. In fact, Mr. Evans anticipated no fee if he won. As stated in appellee's brief: "Indeed, the instant case involves a claim by Mrs. Seney to establish her interest as a co-tenant in certain real property. Even had Mrs. Seney prevailed on *all issues* in the case, there would have been no monetary judgment flowing to her."

7. The case at bar is distinguishable from the recent case of *Skeens v. Miller,* 331 Md. 331, 628 A.2d 185 (1993). In *Skeens,* the Court of Appeals held that an attorney with a contingency fee arrangement is entitled to the reasonable value of his services immediately upon discharge without cause prior to the contingency's occurrence. In the case at bar, the time for the contingency had passed and the attorney was not discharged.

action would be without substantial justification if " 'the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for extension, modification or reversal of existing law.' " *Id.* at 268, 596 A.2d 1049.

"Bad faith" in this context "means vexatiously, for the purpose of harassment or unreasonable delay, or for other improper reasons." *Id.* Although not specifically stated, the trial court's ostensible basis for awarding attorney's fees was a bad faith defense by appellant. Appellant stated in a deposition for his 1986 divorce case, and again in answers to interrogatories from Baltimore City in Mrs. Seney's suit, that his wife signed papers transferring some condemned properties to Baltimore City. He then testified both in a deposition and at trial that, upon further reflection, he remembered signing Mrs. Seney's name to the papers with her authorization.

Mrs. Seney's counsel argues that contradictory testimony alone should be grounds for granting attorney's fees; to hold otherwise, he posits, would encourage wholesale lying in the courts. We do not suggest that perjury is acceptable behavior. There are serious penalties for perjury that can include incarceration. Under the circumstances of this case, the change in testimony from one proceeding to another, by itself, does not constitute a bad faith defense for the purpose of imposing Rule 1–341 sanctions.

Imposition of the Rule is unwarranted where, as here, the defendant was hauled into court as a third-party defendant, where his erroneous or false testimony was not dispositive of the outcome of the case,[8] and where he had a general release

---

8. The issue in Mrs. Seney's case against the City was whether the City had personal jurisdiction over her in its condemnation action. Mrs. Seney wanted to show that the settlement documents were not signed by her, that the signature was not authorized, that she was unaware she owned the properties, and therefore was unaware that her husband's attorney, Mr. Potthast, was acting on her behalf. The trial court found that Mrs. Seney did not prove by clear and convincing evidence that Mr. Potthast did not represent her. The issue of whether she signed or

from Mrs. Seney that postdated her knowledge of his allegedly false assertion. There is no evidence that appellant's behavior was vexatious or was used to harass Mrs. Seney or to delay her case. It was simply his defense to an action he was forced to defend. When Mrs. Seney finally again deposed appellant, he recalled matters differently and then testified in agreement with her theory of the case, that he signed her name on the documents, albeit, according to him, with her permission. Modifying one's previous sworn testimony without more is not bad faith *per se* for the purposes of Rule 1–341, especially in view of the explanation given.

Furthermore, appellant was not considered the sole wrongdoer by the court. In her disposition of the motion for attorney's fees, the trial judge stated: "I believe very frankly that both of the parties in this case dissembled to a degree but, of course, I think that Mr. Seney was the greater wrongdoer, if you please, because I believe that he did sign Mrs. Seney's name without her permission." With regard to the court's finding that appellant was the greater wrongdoer:

> Rule 1–341 is not intended to simply shift litigation expenses based on relative fault. Its purpose is to deter unnecessary and abusive litigation. The imposition of sanctions requires explicit factual findings supported by the record, as well as the careful exercise of judicial discretion. The deterrent purpose of Rule 1–341 should be reemphasized *because, in too many cases, the pleadings that evidence the most bad faith and the least justification are motions requesting costs and attorney's fees.* [Emphasis added.]

*Zdravkovich v. Bell Atlantic–Tricon Leasing Corp.*, 323 Md. 200, 212, 592 A.2d 498 (1991).

We hold, for the reasons set forth above, that the trial court was clearly erroneous in determining that appellant's conduct was in bad faith so as to entitle Mrs. Seney to an award of

---

authorized her signature on the documents was, therefore, not dispositive of the case.

attorney's fees under Rule 1–341 even if he had not been retained on a contingency basis.

For the reasons set forth in this opinion, we reverse the judgment of the trial court on the motion for attorney's fees under Maryland Rule 1–341. In light of our decision, it is unnecessary for us to address the cross-appeal.

JUDGMENT AWARDING ATTORNEY'S FEES TO AP-PELLEE/CROSS–APPELLANT REVERSED; COSTS TO BE PAID BY APPELLEE/CROSS–APPELLANT.