981 A.2d 57

**E. Scott FRISON, Jr.**

**v.**

**Jerry J. MATHIS.**

**No. 2967, Sept. Term, 2007.**

Court of Special Appeals of Maryland.

Oct. 1, 2009.

E. Scott Frison, Jr., Bowie, for Appellant.

Timothy F. Maloney (Koushik Bhattacharya, Joseph, Greenwald & Laake, PA, on brief), Greenbelt, for Appellee.

Panel: HOLLANDER, GRAEFF, MOYLAN and CHARLES E., JR. (Retired, Specially Assigned), JJ.

**GRAEFF, J.**

This appeal involves a request for attorney's fees by appellant, E. Scott Frison, Jr., related to his efforts to collect an unpaid legal bill owed by his former client, Jerry J. Mathis,

appellee. Mr. Frison filed suit, *pro se,* in the Circuit Court for Prince George's County, to collect his legal fees. After a jury returned a verdict in Mr. Frison's favor for $35,818.13, Mr. Frison filed a motion for attorney's fees, alleging "willful and intentional violations of Maryland Rule 1–341." The circuit court denied Mr. Frison's request, concluding that Mr. Frison was not eligible to recover attorney's fees pursuant to Rule 1–341 because he represented himself *pro se.*

Mr. Frison appealed, raising an issue of first impression: Whether a *pro se* attorney litigant may recover attorney's fees pursuant to Maryland Rule 1–341.

For the reasons set forth below, we shall affirm the judgment of the circuit court.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Mathis retained Mr. Frison, an attorney licensed in the District of Columbia, to represent him in a lawsuit filed against him by Aaron Hargrove.[1] The jury awarded judgment to Mr. Hargrove in the amount of $142,000. Mr. Mathis refused to pay Mr. Frison for the legal fees incurred during the lawsuit, claiming that Mr. Frison had committed errors in the trial that resulted in an unfavorable disposition.

On October 13, 2005, Mr. Frison filed suit, *pro se,* in the Circuit Court for Prince George's County against Mr. Mathis, to recover the unpaid legal bill.[2] A two-day jury trial commenced on January 3, 2007. At the conclusion of the trial, the jury entered a verdict against Mr. Mathis in the amount of

---

1. Although Mr. Frison is not a member of the Maryland Bar, the Circuit Court for Prince George's County admitted him *pro hac vice* to represent Mr. Mathis in the prior civil lawsuit. Mr. Mathis states in his brief, and the record reflects, that on April 2, 2004, the circuit court ordered "that due to the frequency in which" Mr. Frison had "been admitted *pro hac vice* in the State of Maryland," he was "not to be admitted *pro hac vice* any time within the next twenty-four (24) months...." The circuit court did not base its ruling on the fact that Mr. Frison is not licensed to practice law in the State of Maryland, and neither do we.

2. Mr. Frison also sued Mrs. Mathis and two related corporate entities, but these claims were subsequently dismissed.

$35,818.13. The jury awarded Mr. Frison $30,950.61 for the legal representation that Mr. Frison provided Mr. Mathis at trial and $4,867.52 for Mr. Frison's work on appeal. On January 12, 2007, Mr. Mathis noted an appeal.

On January 29, 2007, Mr. Frison filed a motion in the Circuit Court for Prince George's County for costs and reasonable attorney's fees pursuant to Md. Rule 1–341. Mr. Frison requested attorney's fees for 253 hours of work, asserting that "[t]he time spent responding to bad faith filings by Mathis interfered with cases Frison could have taken and earned fees." At the conclusion of the motion, Mr. Frison signed the following certification, requesting $57,900 in attorney's fees:

> I HEREBY CERTIFY AND AFFIRM UNDER PENALTY OF PERJURY that the entire hours expended in the case, *Frison v. Mathis* amount to 253 hours as of this filing. I claim that 193 of those hours were expended as a result of the bad faith filings of Mathis [in] *Frison v. Mathis*. Frison claims entitlement to $57,900 in reasonable attorney's fees per Maryland Rule 1–341.

The circuit court reserved ruling on Mr. Frison's motion until after resolution of the underlying case on direct appeal. On October 26, 2007, this Court affirmed the jury's verdict in an unreported opinion. *See Mathis v. Frison,* No. 2583, Sept. Term, 2006 (filed October 26, 2007). On November 19, 2007, Mr. Frison filed in this Court a motion for attorney's fees under Rule 1–341, alleging that Mr. Mathis acted in bad faith in pursuing the appeal. On December 17, 2007, this Court denied the motion.

On February 1, 2008, the circuit court held a hearing to resolve Mr. Frison's outstanding motion for costs and attorney's fees under Rule 1–341. The circuit court did not address whether Mr. Mathis acted in bad faith; rather, it denied Mr. Frison's motion for attorney's fees based on the Court of Appeals' decision in *Weiner v. Swales,* 217 Md. 123, 141 A.2d 749 (1958). The court stated that, pursuant to *Weiner,* "if you're acting pro se, if you are a member of the Bar . . . you

cannot get attorney's fees." The court clarified that Mr. Mathis' status as an attorney licensed in the District of Columbia, but not licensed to practice law in Maryland, was irrelevant to its order. The court stated: "Were you a Maryland attorney down here . . . I [would] rule in the same way."

This timely appeal followed.

## DISCUSSION

■ Mr. Frison argues that the trial court erred in denying his request for attorney's fees. He acknowledges caselaw holding that, with respect to a contractual provision authorizing the recovery of attorney's fees, the attorney representing himself was not entitled to an award of attorney's fees. Mr. Frison contends, however, that under the circumstances of his case, *i.e.*, an action taken to enforce a judgment for attorney's fees against the attorney's former client, he should be allowed to collect attorney's fees.[3]

Mr. Mathis counters that Mr. Frison is barred from recovering attorney's fees. He relies on *Weiner v. Swales, supra*, and *Greenbriar Condo., Phase I, Council of Unit Owners, Inc. v. Brooks*, 159 Md.App. 275, 283, 316, 859 A.2d 239 (2004), *rev'd in part on other grounds*, 387 Md. 683, 878 A.2d 528 (2005), for the proposition that an attorney representing himself, *pro se*, is not entitled to attorney's fees. Mr. Mathis further contends that the specific language of Rule 1–341 authorizes attorney's fees only for fees actually "incurred,"

---

**3.** Mr. Frison also argues in his brief that Mr. Mathis was his employer, and therefore, he is entitled to recover attorney's fees as part of his effort to collect his unpaid "wages" pursuant to Md.Code (2008 Repl. Vol.), §§ 3–427(d), 3–507.1(b) of the Labor and Employment Article. Mr. Frison did not raise this argument at the hearing on his motion for attorney's fees in the circuit court, and we decline to address it. *See* Md. Rule 8–131 ("Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court. . . ."); *DeLeon v. State*, 407 Md. 16, 30, 962 A.2d 383 (2008) (arguments "not raised by [appellant], or ruled upon by the court, [ ] are waived for purposes of appeal.").

and that Mr. Frison, representing himself, did not incur any attorney's fees.

The circuit court agreed with Mr. Mathis' argument and concluded that, pursuant to *Weiner*, Mr. Frison was not eligible to receive attorney's fees because he was representing himself *pro se*. The court's conclusion, that Mr. Frison was barred from recovering attorney's fees based on his *pro se* status, is a question of law, which we review *de novo*. *See Henriquez v. Henriquez*, 185 Md.App. 465, 476, 971 A.2d 345 (2009) (argument that "court has no authority under the statute to award attorney's fees unless that party actually incurred expenses for legal fees" is a question of law reviewed *de novo*), *cert. granted*, 410 Md. 165, 978 A.2d 245 (2009).

■ The issue whether a *pro se* lawyer litigant may receive an award for attorney's fees is one on which courts have taken different approaches. *See* C. Clifford Allen III, Annotation, *Right of Party Who Is an Attorney and Appears for Himself to Award of Attorney's Fees Against Opposing Party as Element of Costs*, 78 A.L.R.3d 1119 (1977) (discussing states that allow *pro se* attorney litigants to receive attorney's fees and those that do not); *Connor v. Cal–Az Props., Inc.*, 137 Ariz. 53, 668 P.2d 896, 898 (1983) (same); *Swanson & Setzke, Chtd. v. Henning*, 116 Idaho 199, 774 P.2d 909, 911 (1989) (same). As explained below, we agree with courts from other jurisdictions that there are policy reasons for requiring the existence of an attorney-client relationship before attorney's fees may be recovered. Because there is no attorney-client relationship when an attorney represents himself, he should not be entitled to recover attorney's fees.

■ In this case, however, we need only decide whether a *pro se* attorney litigant is entitled to recover attorney's fees pursuant to Rule 1–341. We answer that question in the negative for two reasons. First, this Court and the Court of Appeals have held in other contexts that a *pro se* attorney litigant is not entitled to recover attorney's fees, and the analysis of those cases is applicable to a request for attorney's fees pursuant to Rule 1–341. Second, the plain language of

Rule 1–341 limits the attorney's fees recoverable to those *incurred.* A *pro se* attorney litigant has not "incurred" any actual expenses in the nature of attorney's fees.

We turn first to the Maryland cases that have addressed the issue whether *pro se* lawyer litigants may receive an award for attorney's fees. Although the Maryland appellate courts have not addressed the issue pursuant to Rule 1–341, they have addressed the issue in the context of a contractual provision allowing for attorney's fees. In two cases, a contract providing for attorney's fees was construed as allowing for the recovery of attorney's fees only when the party has paid for representation.

In *Weiner,* the appellant, an attorney, loaned several thousand dollars to appellee, and he took a confessed judgment note, payable on demand. 217 Md. at 124, 141 A.2d 749. Upon default, pursuant to the terms of the note, he attempted to recover an "attorney's commission of fifteen (15%) per cent for collection (said 15% to be entered as part of the costs)." *Id.* The Court of Appeals, however, agreed with the trial court that the attorney was "not entitled to collect such additional compensation when he acts in proper person" because " 'implicit in the provisions of the note [is] that the 15% commission shall be payable only to an attorney employed in the case or to the plaintiff in reimbursement for his expenses in employing such an attorney....' " *Id.* at 125, 141 A.2d 749. The Court of Appeals construed the word "charges" in the note as " 'expenses which have been incurred....' " *Id.* at 125–26, 141 A.2d 749 (quoting BLACK'S LAW DICTIONARY 295 (4th ed.1951)). Reading the terms of the note in their usual meaning, the court concluded that "the agreement of the borrowers was only to reimburse Weiner for his actual monetary expenses or disbursements incurred in the collection of the note and no authority was given him to collect and retain as his own the attorney's commissions that would have been payable if he had employed and paid counsel." *Id.* at 126, 141 A.2d 749

Similarly, in *Greenbriar*, this Court discussed whether an attorney representing himself in foreclosure proceedings "could collect attorney's fees for work on his own behalf" pursuant to a contractual provision providing for an award of attorney's fees to "the prevailing party." 159 Md.App. at 275, 315, 859 A.2d 239. This Court found that the attorney was not the prevailing party, *id.* at 316–17, 859 A.2d 239, but it went on to discuss the *Weiner* decision allowing attorney's fees only as reimbursement for " 'actual monetary expenses....' " *Id.* at 317–18, 859 A.2d 239 (quoting *Weiner*, 217 Md. at 126, 141 A.2d 749). The Court stated that there was "little reason why the same principles would not be applicable when the attorney is the debtor and chooses to represent himself or herself." *Id.* at 318, 859 A.2d 239. We noted that there was "nothing in the contract language to suggest that parties representing themselves are entitled to recover attorneys' fees that they have not incurred." *Id.*

■ Maryland Rule 1–341, similar to the contracts discussed in *Weiner* and *Greenbriar*, limits an award of attorney's fees to fees *incurred*. The Rule provides:

> In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, *incurred* by the adverse party in opposing it.

(Emphasis added). "An award of 'sanctions' under this rule is compensatory, not punitive, in nature." *Kilsheimer v. Dewberry & Davis*, 106 Md.App. 600, 622, 665 A.2d 723 (1995), *cert. denied*, 341 Md. 406, 671 A.2d 20 (1996).

This Court has addressed, on several occasions, the requirement of Rule 1–341 that attorney's fees actually be incurred. Recently, in *Worsham v. Greenfield*, 187 Md.App. 323, 978 A.2d 839 (2009), this Court defined the term "incur," pursuant to Rule 1–341, as follows:

"Incur" has been defined as "To suffer or bring on oneself (a liability or expense)." *Black's Law Dictionary* 771 (7th ed.1999). "Liability" has been defined in part, as "A financial or pecuniary obligation." *Id.* at 925. "Liable" has been defined, in part, as (of a person) subject to or likely to incur (a fine, penalty, etc.). *Id.* at 927. *Random House Webster's College Dictionary* 682 (1992) defines incur as "to become liable for: *to incur debts.*" "Liable" is defined as "legally responsible." *Id.* [at] 781.

In holding that a party could recover attorney's fees when the fees were paid for by the party's insurance company, this Court noted that the Rule was intended to reimburse the payer for monies incurred as a result of a violation of Rule 1–341. *Id.*, slip op. at 11–12. Although the party did not pay the fees, there were fees incurred, and paid for, by the insurance company.

In *United States Health, Inc. v. State,* 87 Md.App. 116, 128, 131, 589 A.2d 485, *cert. denied,* 324 Md. 69, 595 A.2d 482 (1991), this Court awarded attorney's fees under Rule 1–341 based upon a finding that the appeal was taken in "bad faith." In determining the amount of attorney's fees recoverable, however, the Court noted that appellee was a governmental agency represented by in-house counsel, a salaried employee. *Id.* at 129, 589 A.2d 485. This Court rejected appellee's argument that it should be awarded attorney's fees in accordance with the "prevailing market rate," and explained that Rule 1–341 "permits recovery for actual expenses incurred, not for an amount that would have been incurred had the party retained outside counsel who charged an amount that the Court would accept to be a reasonable fee." *Id.* at 129, 131, 589 A.2d 485. Thus, this Court granted attorney's fees based on the counsel's hourly salary and other costs paid by appellee. *Id.* at 131, 589 A.2d 485.

Similarly, in *Seney v. Seney,* 97 Md.App. 544, 631 A.2d 139 (1993), the question was whether Mrs. Seney could recover attorney's fees pursuant to Rule 1–341, even though she had a contingency fee agreement with her lawyer, she lost the case,

and therefore, she was not liable to pay for any attorney's fees. This Court answered that question in the negative:

> When a party takes money out of her pocket and gives it to the court or to her attorney because of the opposing party's substantially unjustified or bad faith actions, the court may order reimbursement of that money by the opposing party, or the opposing party's attorney, to the aggrieved party. . . .
>
> When, however, a party does not incur any expense for attorney's fees, those fees cannot be reimbursed.

*Id.* at 552, 631 A.2d 139. This Court reiterated that Rule 1–341 "only allows the court to award attorney's fees actually incurred by the moving party." *Id.* at 553, 631 A.2d 139. Because Mrs. Seney's attorney was not entitled to a fee under the contingency agreement, she had not incurred fees for which she could obtain reimbursement.[4]

▉ These cases make clear that, pursuant to the plain language of Rule 1–341, the attorney's fees recoverable are limited to those that reimburse the party for actual expenses incurred. When an attorney represents himself, he has not "incurred" any actual expenses in the nature of attorney's fees, and therefore, he cannot recover attorney's fees pursuant to Rule 1–341.

Other jurisdictions similarly have concluded that a statute or rule providing for reasonable attorney's fees incurred does not authorize the recovery of attorney's fees by *pro se* attorney litigants. *See, e.g., Shearer v. Mundt,* 36 P.3d 1196, 1198 (Alaska 2001) (the purpose of the rule allowing for attorney's fees "is to compensate litigants for fees they incur through legal representation, not to compensate litigants for the eco-

---

**4.** In *Henriquez v. Henriquez,* 185 Md.App. 465, 482, 971 A.2d 345 (2009), *cert. granted,* 410 Md. 165, 978 A.2d 245 (2009), this Court distinguished Md.Code (2006 Repl.Vol.), § 12–103 of the Family Law Article, which allows for an award of attorney's fees for representation by a non-profit legal services organization or pro bono counsel that does not charge the litigant a fee for its representation, and Rule 1–341, which "limits attorney's fees that can be awarded to fees 'incurred' by the party."

nomic detriment of litigating"); *O'Connell v. Zimmerman,* 157 Cal.App.2d 330, 321 P.2d 161, 165 (1958) ("[W]hen an attorney represents himself in an action he may not recover the reasonable value of his fee, for he has paid no fee nor has he incurred any liability to pay an attorney fee."); *Calhoun v. Calhoun,* 339 S.C. 96, 529 S.E.2d 14, 17 (2000) (an attorney who appears on his or her behalf does not incur attorney's fees because he or she has not paid or does not owe another person money for legal services rendered).

Mr. Frison does not dispute that he has not incurred attorney's fees. Rather, he argues that public policy justifies a "narrow exception" to the requirement that the attorney's fees be incurred. He argues that attorney's fees should be allowed for an attorney who appears *pro se* to collect unpaid attorney debts from the attorney's former client.

Mr. Frison cites no caselaw that would support a holding by this Court making such an exception to the plain language of Rule 1–341. And he makes no compelling argument why such an exception is warranted.

Indeed, there are public policy reasons weighing against adopting such an exception. In *Connor,* 668 P.2d at 899, the Court of Appeals of Arizona discussed policy considerations weighing against allowing an award of attorney's fees to attorneys appearing on their own behalf. "[C]ourts declining to grant fees under such circumstances have found that one should not become one's own client and charge for professional services and that attorneys representing themselves might be tempted to protract litigation for their own financial betterment." *Id.* at 898. The court continued:

> In our opinion, the presence of an attorney-client relationship is a prerequisite to the recovery of attorney's fees.... Because an attorney has no right to recover compensation in the absence of an attorney-client relationship, the corollary must necessarily be true—the party who represents himself in litigation has no right to be compensated by the payment of attorneys' fees because of the absence of an attorney-client relationship.

*Id.* at 899. *Accord Mix v. Tumanjan Dev. Corp.*, 102 Cal. App.4th 1318, 126 Cal.Rptr.2d 267, 271 (2002) ("existence of the attorney-client relationship means that the attorney is not representing the attorney's own personal interests").

The Arizona court noted that a contrary view would result in disparate treatment between *pro se* litigants based on their profession. The court stated:

> We cannot, however, have one rule which provides for compensation to attorneys when acting on their own behalf and another rule for lay persons acting on their own behalf. We cannot compensate the [litigants] here, who as attorneys could not have vindicated their claim but for the fact that they appeared on their own behalf, and yet deny compensation to lay persons who litigate on their own behalf for the same reason.

*Connor*, 668 P.2d at 899.

The Court of Appeals of Idaho similarly looked to policy considerations in determining that *pro se* lawyer litigants are not entitled to an award of attorney's fees. *Swanson*, 774 P.2d at 913. The court found that "maintaining public confidence in the even-handed administration of justice" weighed against allowing an attorney representing himself to an award of attorney's fees. *Id.* at 911–13.

> The system would be one-sided and be viewed by the public as unfair, if one party (a lawyer litigant) could qualify for a fee award without incurring the potential out-of-pocket obligation that the opposing party (a nonlawyer) ordinarily must bear in order to qualify for a similar award. Moreover, if both parties opt to litigate *pro se*, it would be palpably unjust for one of them (the lawyer litigant) to remain eligible for an attorney fee award, while the other becomes ineligible.

*Id.* at 913. The court concluded that "the public perception of fairness in the legal system is of greater moment than a lawyer litigant's claim to an attorney fee award if he would elect to represent himself." *Id.*

These cases illustrate that there are public policy reasons against allowing a *pro se* attorney litigant to recover attorney's fees. Requiring that an attorney-client relationship exist before allowing the recovery of attorney fees avoids the public perception of unfairness in the legal system.

In any event, here, the plain language of Rule 1–341 permits recovery of attorney's fees *incurred.* A lawyer who represents himself or herself has not incurred legal fees, *i.e.,* he or she has not paid or become liable to pay fees. Accordingly, a *pro se* attorney litigant may not recover attorney's fees pursuant to Rule 1–341.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**