774 P.2d 909

**SWANSON & SETZKE, CHTD.,**
**Plaintiff–Appellant,**

v.

**Greg and Sharron HENNING, husband and wife, Defendants–Respondents.**

**No. 17407.**

Court of Appeals of Idaho.

April 27, 1989.

Petition for Review Denied
June 29, 1989.

David K. Swanson, Swanson & Setzke, Chtd., Boise, for plaintiff-appellant.

No appearance by defendants-respondents.

BURNETT, Judge.

The Idaho Supreme Court has held that attorney fees may not be awarded to parties who appear *pro se* in civil litigation. *O'Neil v. Schuckardt*, 112 Idaho 472, 733 P.2d 693 (1987); *Curtis v. Campbell*, 105 Idaho 705, 672 P.2d 1035 (1983). Today we must decide whether this general rule applies to lawyer litigants who appear *pro se*. We hold that it does.

The issue is framed by a law firm's suit against its former clients. The firm of Swanson & Setzke, Chtd., acting through one of its principals, sued Greg and Sharron Henning to collect a debt of $342.92 owed on open account for legal services. The complaint also prayed for costs and an award of attorney fees under I.C. § 12–120. The case was assigned to the

magistrate division, albeit not to the small claims department, of the district court. When the Hennings failed to answer the complaint, the magistrate entered judgment for $342.92 plus costs. The law firm then requested the magistrate to increase the judgment by adding $200.00 in attorney fees. The magistrate declined to do so because the firm had appeared *pro se.* The firm appealed to the district court, which upheld the magistrate's order. The firm appealed again, bringing the matter to us.

The law firm contends that I.C. § 12–120 mandates an attorney fee award to every prevailing party, regardless of *pro se* status. Alternatively, the firm argues that any prohibition against attorney fee awards to *pro se* litigants should be subject to an exception for *pro se* lawyers. We will examine these arguments in turn.

I

■ Under the so-called "American rule," as distinguished from the practice in England, a successful litigant may receive an award of attorney fees if—but only if—the award is authorized by contract, by statute or by an equitable principle such as the "common fund" doctrine. Idaho Code § 12–120 authorizes such a fee award. At subsection (3), the statute provides that "[i]n any civil action to recover on an open account ... the prevailing party shall be allowed a reasonable attorney fee to be set by the court...." This language contains no specific preclusion of an award to a *pro se* litigant. However, the phrase "attorney fee" may be interpreted to denote a monetary obligation (a fee) paid or owed from one person (a client) to another person who has provided legal representation (an attorney). Under this interpretation, an attorney fee "presupposes a relationship of attorney and client" which does not exist in *pro se* situations. *Davis v. Parratt,* 608 F.2d 717, 718 (8th Cir.1979). *See also Cunningham v. Federal Bureau of Investigation,* 664 F.2d 383 (3rd Cir.1981).

Courts adopting this interpretation of "attorney fee" have further noted that if a fee-award statute is intended to benefit *pro se* litigants, the legislature can say so expressly. *Burke v. Department of Justice,* 432 F.Supp. 251 (D.Kan.1976), *aff'd,* 559 F.2d 1182 (10th Cir.1977); *Rosenbaum v. Rosenbaum,* 38 Ill.App.3d 1, 349 N.E.2d 73 (1976); *Parquit Corp. v. Ross,* 273 Or. 900, 543 P.2d 1070 (1975). It might be argued that *pro se* litigants *impliedly* should benefit from fee-awarding statutes—particularly those which encourage the assertion of claims favored in public policy. However, the underlying intent of such statutes is not to generate *pro se* litigation but to help litigants obtain counsel by providing a potential source of fees in meritorious cases. *E.g., Cofield v. City of Atlanta,* 648 F.2d 986 (5th Cir.1981).[1]

These reasons for denying attorney fees to *pro se* litigants have been criticized by some commentators who advocate attorney fee awards for all prevailing parties, whether or not they have been represented by counsel. *See e.g.,* Note, *Awarding Attorneys' Fees to Prevailing Pro Se Litigants,* 80 MICH.L.REV. 1111 (1982); Note, *Pro Se Can You Sue?: Attorney Fees for Pro Se Litigants,* 34 STAN.L.REV. 659 (1982). Nevertheless, a clear majority of courts hold that if a nonlawyer undertakes to represent himself in litigation, he is not entitled to an award of attorney fees. *See generally* 20 AM.JUR.2D *Costs* § 77 (1965 and current supplement).

In the *Curtis* and *O'Neil* cases cited above, the Idaho Supreme Court has adopted this general rule. The Court first applied the rule in *Curtis,* where a nonlawyer *pro se* litigant prevailed on appeal in an action on a promissory note. The action plainly fell within the subject-matter scope of I.C. § 12–120, and the note itself provided for an attorney fee award to the prevailing party. Nevertheless, the Supreme Court declared: "Since Curtis has appeared in this appeal *pro se* [,] no attorney fees are allowed." *Curtis v. Campbell,* 105 Idaho at 707, 672 P.2d at 1037. In *O'Neil,* the

---

**1.** The implied benefit argument is even less persuasive in the present case because the fee-award statute at issue here, I.C. § 12–120, is policy-neutral. It favors no claim or category of litigant. *DeWils Interiors, Inc. v. Dines,* 106 Idaho 288, 294, 678 P.2d 80, 86 (Ct.App.1984).

Court again declined to award fees to a nonlawyer *pro se* litigant—this time in a tort action. The Court cited *Curtis* and stated that "a *pro se* party is not entitled to attorney fees." *O'Neil v. Schuckardt*, 112 Idaho at 480, 733 P.2d at 701.

Although the Court was sharply divided on substantive issues in *Curtis* and *O'Neil*, there was no apparent division on the question of whether *pro se* parties could receive attorney fee awards. Indeed, all four members of the present Court who sat on those cases voted to deny such awards. Justices Shepard and Bakes voted to deny fees in *Curtis;* Justices Huntley and Bistline cast similar votes in *O'Neil.* Accordingly, we conclude that the general rule against attorney fee awards to *pro se* litigants is the law in Idaho. It precludes any automatic award in this case under I.C. § 12–120.

## II

The next question is whether an exception to the general rule should be carved out for *pro se* litigants who happen to be lawyers. This is an issue apparently of first impression in Idaho.[2] Decisions from other jurisdictions are in conflict. *See* Annot., *Attorneys Fees—Appearance in Propria Persona*, 78 A.L.R.3d 1119 (1977 and current supplement).

During the nineteenth century, the states of New Jersey and New York allowed *pro se* lawyer litigants to receive attorney fee awards, so long as the ́awards did not include retaining fees. *E.g.*, *State v. Berry*, 42 N.J.L. 60 (1880); *Jordans v. Van Hoesen*, 18 Wend. 640 (N.Y.1837). In contrast, the states of California, Illinois and Louisiana precluded such awards. *E.g.*, *Patterson v. Donner*, 48 Cal. 369 (1874); *Ealer v. McAllister & Co.*, 19 La.Ann. 21 (1867); *Cheney v. Ricks*, 168 Ill. 533, 48 N.E. 75 (1897). More than seven decades later, Michigan and Montana joined the ranks of states allowing *pro se* lawyer liti-

gants to receive attorney fee awards. *Wells v. Whinery*, 34 Mich.App. 626, 192 N.W.2d 81 (1971); *Winer v. Jonal Corp.*, 169 Mont. 247, 545 P.2d 1094 (1976).

During the 1980s, the issue began to receive more intensive scrutiny. Two opposing trends emerged. On one hand, some state supreme court decisions precluding attorney fee awards were questioned by lower appellate courts. *Compare Renfrew v. Loysen*, 222 Cal.Rptr. 413, 175 Cal.App.3d 1105 (Ct.App.1985), *with Atherton v. Board of Supervisors*, 222 Cal.Rptr. 56, 176 Cal.App.3d 433 (Ct.App. 1986). *See also People v. Lawless*, 100 Ill.App.3d 74, 55 Ill.Dec. 399, 426 N.E.2d 545 (1981). The states of Alaska and Florida also aligned themselves with those allowing *pro se* lawyer litigants to obtain attorney fee awards. *Burrell v. Hanger*, 650 P.2d 386 (Alaska 1982); *Friedman v. Backman*, 453 So.2d 938 (Fla.Dist.Ct.App. 1984). On the other hand, Arizona joined the states precluding such awards. *Connor v. Cal–Az Properties, Inc.*, 137 Ariz. 53, 668 P.2d 896 (Ct.App.1983). The federal courts also took an increasingly skeptical view of attorney fee awards to *pro se* lawyer litigants. Although the Ninth Circuit allowed such an award in *Ellis v. Cassidy*, 625 F.2d 227 (9th Cir.1980), other circuits declined to do so. *See White v. Arlen Realty & Development Corp.*, 614 F.2d 387 (4th Cir.), *cert. denied*, 447 U.S. 923, 100 S.Ct. 3016, 65 L.Ed.2d 1116 (1980); *Falcone v. Internal Revenue Service*, 714 F.2d 646 (6th Cir.1983), *cert. denied*, 466 U.S. 908, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1984). *See also Duncan v. Poythress*, 750 F.2d 1540 (11th Cir.), *vacated*, 756 F.2d 1481 (11th Cir.1985) (three-judge panel allowed attorney fee award to *pro se* lawyer litigant but circuit judges en banc vacated panel's decision).

Thus, as matters now stand, the cases are in disarray. In deciding which direction to follow, we have undertaken a two-part inquiry. As explained below, we

---

**2.** In *Kidwell & Heiser v. Fenley*, 96 Idaho 534, 531 P.2d 1179 (1975), our Supreme Court upheld a judgment denying attorney fees to a law firm that sued to collect a debt owed for legal services. However, the Court's decision rested explicitly upon a perceived lack of contractual or statutory authority for a fee award. The Court did not discuss the question whether an award, if authorized, could be made to a lawyer litigant appearing *pro se.*

have inquired, first, whether a *pro se* litigant's status as a lawyer alters any of the reasons earlier expressed for the general rule against attorney fee awards to *pro se* litigants. Second, we have inquired into additional policy considerations for or against creating an exception to this rule for lawyer litigants.

In our view, none of the previously stated reasons for denying attorney fees to *pro se* litigants is significantly affected by a litigant's status as a lawyer. If the phrase "attorney fees" denotes the existence of an attorney-client relationship, it matters not that the client also happens to be a lawyer. Moreover, if a legislative body enacting a fee-award statute desires to include *pro se* lawyer litigants, either as a distinct class or as a subcategory of *pro se* litigants in general, it can say so expressly. Finally, if the fundamental objective of fee-award statutes is to help litigants obtain counsel by providing a potential source of fees in meritorious cases, then such assistance is available to lawyer and nonlawyer litigants alike. On this latter point, it might be argued that if the litigant is a lawyer, a separate attorney need not be engaged in order to obtain the benefit of counsel. However, the benefit of counsel is not limited to the delegation of work to another legally trained individual; it also includes the "detached and objective perspective" that a separate attorney brings to the litigation process. *Falcone v. Internal Revenue Service*, 714 F.2d at 647; *see also White v. Arlen Realty & Development Corp., supra.*

Our inquiry into additional policy considerations has disclosed two pertinent arguments. First, it may be contended that the general rule against awarding fees to *pro se* litigants is based upon a dubious perception that such awards are windfalls to persons who have spent no money, and incurred no debt, for legal representation. Some cases do, indeed, suggest such a rationale. *E.g., Crooker v. United States Dept. of Justice*, 632 F.2d 916, 920–21 (1st Cir.1980); *Hannon v. Security National Bank*, 537 F.2d 327, 328, n. 1 (9th Cir.1976). This rationale, the argument goes, is defective because it ignores a *pro se* litigant's "opportunity" cost—that is, the foregone income or loss of time that the litigant might have devoted to other activities.

The argument has some merit. In economic theory, there is no conceptual distinction between an out-of-pocket cost and an "opportunity" cost because, in either sense, a "cost" is the value of whatever an individual gives up in order to acquire goods or to pursue an activity. C. GOETZ, LAW AND ECONOMICS, CASES AND MATERIALS 51–55 (1984). In the real world, however, out-of-pocket costs are more readily perceived and measured than "opportunity" costs, and they have a correspondingly greater impact on decisionmaking. P. HAYNE, THE ECONOMIC WAY OF THINKING 39–53 (1983). Thus, the rule against awarding attorney fees to *pro se* litigants may reflect an unspoken view that fees should be shifted from one party to another only when they are readily perceived and measurable.

If this is true, such a rationale might militate against attorney fee awards to nonlawyer *pro se* litigants, but not against awards to lawyers *pro se*. Typically, the successful lawyer litigant will submit an attorney fee affidavit based on time, charges and other factors similar to those that would appear in the affidavit of a lawyer representing a client. Thus, the lawyer litigant's "opportunity" cost may closely resemble the actual cost of legal services incurred by a litigant who obtains counsel. For this reason, it has been suggested that

> [i]t can make no difference to the defeated party, who is bound to pay the costs of the attorney of the prevailing party ... whether that attorney is the prevailing party himself or another attorney employed by him. He, like any other professional ... is paid for his time and services, and if he renders them in the management and trial of his own cause it may amount to as much pecuniary loss or damage to him as if he paid another attorney for doing it.

Note, *Right of Party Appearing for Himself to Tax Attorney's Fees as Costs*, 5 A.

& E. Annot.Cas. 834 (1907), *quoted in Winer v. Jonal Corp.*, 545 P.2d at 1096.

Thus, it is contended that if the lawyer litigant's "opportunity" cost can be as readily perceived and measured as a nonlawyer's actual cost of legal representation, then, in deference to the lawyer's decision to represent himself, an award of attorney fees should be allowed. However, this argument must be viewed in the context of a second additional policy consideration—maintaining public confidence in the even-handed administration of justice. It may be, as suggested above, that when a case has been decided and a fee has been awarded, the defeated party cares not whether the fee is retained by the prevailing party or paid over to separate counsel. However, *before* the case is decided, it matters a great deal to each party whether, and to whom, a fee may be awarded. This is especially true in cases where the amount of a potential award is likely to be substantial in relation to the amount at stake in the litigation. In such cases, the burden of attorney fees will profoundly affect the choice of whether to file or defend a law suit and whether to engage counsel or to litigate *pro se.*

The system would be one-sided, and would be viewed by the public as unfair, if one party (a lawyer litigant) could qualify for a fee award without incurring the potential out-of-pocket obligation that the opposing party (a nonlawyer) ordinarily must bear in order to qualify for a similar award. Moreover, if both parties opt to litigate *pro se*, it would be palpably unjust for one of them (the lawyer litigant) to remain eligible for an attorney fee award, while the other becomes ineligible. As noted in *Connor v. Cal–Az Properties, Inc.*, 137 Ariz. 53, 668 P.2d. 896, 899 (Ct.App.1983):

We cannot ... have one rule which provides for compensation to attorneys when acting on their own behalf and another rule for lay persons acting on their own behalf.... [T]he leverage which would be granted to attorneys appearing on their own behalf could easily become oppressive where the opposition is forced to incur legal expenses.

In our view, the public perception of fairness in the legal system is of greater moment than a lawyer litigant's claim to an attorney fee award if he elects to represent himself. For this reason, and because the other rationales for the general rule against fee awards are applicable to lawyer and nonlawyer litigants alike, we decline to carve out a special exception for lawyers *pro se.*[3]

The decision of the district court, upholding the magistrate's order which denied an award of attorney fees, is affirmed. The respondents having made no appearance, there are no costs to be awarded in this appeal.

WALTERS, C.J., and SWANSTROM, J., concur.

---

**3.** The law firm in this case has not attempted to avoid *pro se* status by arguing that, as a professional service corporation, it has been represented by separate counsel. However, we note that even if such an argument were made, it would not alter our conclusion. When a rule of law is enunciated on whether *pro se* lawyer litigants are entitled to attorney fee awards, that rule should be applied consistently. It should not turn on distinctions among proprietorships, partnerships, corporations or other modes of law practice. *Cf. Renfrew v. Loysen,* 222 Cal. Rpt. 413, 415, 175 Cal.App.3d 1105, 1107 (Ct. App.1985) (taking position, contrary to this case, that *pro se* lawyer litigants should receive fee awards but holding, as we do here, that any entitlement should not depend on "the formality of actual payment from one pocket to the other"). Our view in this regard is consistent with I.C. § 30–1306, which provides that the existence of a professional service corporation does not affect the professional relationship and liabilities between a professional practitioner and a client.