166 P.3d 911

Risha BELLIARD, a single woman,
Plaintiff–Appellant,

v.

Christopher Shane BECKER, a single
man, Defendant–Appellee.

No. 1 CA–CV 06–0345.

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 23, 2007.

Campana, Vieh & Loeb PLC By James E. Vieh, Scottsdale, Attorneys for Plaintiff–Appellant.

Burke Panzarella Rich By David T. Panzarella and Amanda M. Lorenz, Phoenix, Attorneys for Defendant–Appellee.

## OPINION

OROZCO, Judge.

¶ 1 Plaintiff Belliard appeals from the trial court's decision to exclude evidence that Defendant Becker had been drinking just prior to an auto accident in which Belliard was injured. For the following reasons, we affirm in part and reverse and remand in part.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On November 2, 2002, at approximately 2:00 a.m., Becker was driving northbound on Highway 101 in the right lane. While driving, he crossed over three lanes of traffic, ran into the steel cable separating northbound and southbound traffic and came to rest on the southbound side of the road facing north. Becker did not remember crossing the three lanes or crashing into the barrier. While inspecting his car, Becker discovered a steel cable was attached to his bumper. Nevertheless, he turned his car around and pulled out into southbound traffic. As he drove away, he "felt a jerk on the front end." Eventually, Becker "lost control" of his vehicle and came to rest a second time. After exiting the truck, he noticed the cable was wrapped around the axle; it was later determined that he had dragged 1200 feet of cable down the highway.

¶ 3 Belliard, meanwhile, was a passenger in a vehicle driven by her roommate. At trial, Belliard testified she noticed Becker's truck passing them as they entered onto the highway heading south. The vehicle Belliard rode in became entangled in the cable attached to Becker's vehicle, started spinning and came to rest on an embankment. Belliard had a bump on her head, a headache and felt dizzy. At the hospital, she underwent x-rays and a CAT scan and was prescribed pain medication. Her medical expenses from that trip and a subsequent visit to the hospital totaled approximately $1200.

¶ 4 A week later, Belliard began having other symptoms, such as vomiting, stomach aches, fevers and more back pain. Additionally, five months later, while playing sand volleyball, she fell and landed in the sand on her stomach. She eventually had exploratory surgery on April 11, 2003. Belliard's medical bills for her surgery and additional treatment totaled $188,647.79.

¶ 5 In his report following the November 2, 2002 accident, an officer from the Department of Public Safety noted he could smell a moderate odor of an intoxicating beverage on Becker's breath. The report also stated that Becker admitted having "a couple of drinks earlier in the evening" and agreed to perform field sobriety tests and submit to a portable breath test. The portable breath test result was .031, from which the officer determined that "Becker was not impaired by alcohol" and consequently did not charge Becker with driving under the influence (DUI).

¶ 6 In August 2004, Belliard filed this action. Because Becker admitted liability, the only issues at trial were compensatory and punitive damages.

¶ 7 Before trial, Becker filed a motion in limine requesting the court preclude the introduction of any evidence regarding his alcohol consumption or the bars he visited prior to the accident. He argued that any evidence relating to his alcohol consumption and/or whereabouts prior to the accident was not relevant and could substantially prejudice him. Additionally, Becker contended this information was irrelevant because he was neither arrested nor charged with DUI. Furthermore, he argued the evidence should be excluded under Arizona Rule of Evidence 403 because the prejudicial nature of the evidence outweighed any probative value.

¶ 8 Belliard opposed Becker's motion in limine, arguing there was evidence suggesting that Becker's "driving was not the kind of driving of a sober motorist, he was attempting to avoid being arrested after his first accident and his drunken effort to avoid criminal prosecution resulted in the second accident."

¶ 9 Becker replied that he was not intoxicated at the time of the accident. He contended the following evidence demonstrated he was not driving under the influence of alcohol: 1) his portable breath test result of

.031; and 2) the officer's first-hand observation that he "was not impaired by alcohol." Moreover, he contended his breath test result of .031 created the presumption that he "was not under the influence of intoxicating liquor" under Arizona Revised Statutes (A.R.S.) section 28–1381.G.1 (Supp.2006),[1] and that Belliard had not presented any evidence to rebut this presumption.

¶ 10 After oral argument, the trial court granted Becker's motion in limine. The court stated: "It is ordered excluding testimony re: alcohol consumption based on the police officers [sic] findings. The Defendant was never charged with driving under the influence."

¶ 11 A jury trial was held and the jury awarded Belliard $3600 in damages, which was approximately three times her medical bills from the hospital visits shortly after the accident. Belliard filed a Motion for New Trial, which the court denied.

¶ 12 Belliard timely appealed and we have jurisdiction pursuant to A.R.S. § 12–2101.B (2003).

## ANALYSIS

### 1. Relevance of Evidence of Becker's Consumption

 ¶ 13 On appeal, Belliard argues the trial court erred by excluding evidence suggesting Becker was under the influence of alcohol. This court "will affirm a trial court's admission or exclusion of evidence absent a clear abuse of discretion or legal error and resulting prejudice." *Yauch v. S. Pac. Transp. Co.*, 198 Ariz. 394, 399, ¶ 10, 10 P.3d 1181, 1186 (App.2000) (citations omitted).

 ¶ 14 Because Becker conceded negligence and liability, at trial Becker's consumption of alcohol was not relevant to establish either his negligence or his liability. This does not mean, however, that Becker's

consumption of alcohol was irrelevant to all remaining issues at trial. Belliard also asserted a punitive damages claim against Becker. To qualify for a punitive damage award in this case, Belliard had to prove that Becker "consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *Olson v. Walker*, 162 Ariz. 174, 177, 781 P.2d 1015, 1018 (App.1989) (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 162, 726 P.2d 565, 578 (1986) (internal quotation marks omitted)). Becker's consumption of alcohol before driving was relevant to the question of whether Becker behaved sufficiently recklessly to justify the jury in awarding Belliard punitive damages against Becker. *See, e.g., Langlois v. Wolford*, 246 Ga.App. 209, 539 S.E.2d 565, 568 (2000) (noting "evidence regarding alcohol consumption is admissible when punitive damages are sought") (citation omitted). We thus hold that the trial court erred in excluding evidence of Becker's pre-accident consumption of alcohol on grounds of relevance.

¶ 15 We believe that evidence of Becker's drinking prior to the accident may be a sufficient basis on which the jury could conclude that Becker behaved so recklessly as to be subjected to punitive damages. Becker crossed over three lanes of traffic, ran into the steel cable separating northbound and southbound traffic but yet did not remember either crossing over the three lanes or crashing into the barrier. Second, even after he noticed that the cable was attached to his bumper, Becker backed up and drove away without detaching the cable from the bumper. Finally, after Becker continued on his way, he dragged 1200 feet of cable down the interstate, lost control of his truck and came to a stop a second time. It was only then that he noticed the cable was wrapped around the axle.

¶ 16 We hold that evidence of Becker's consumption of alcohol was relevant, along

---

1. This statute states:

 In a trial, action or proceeding for a violation of this section ..., the defendant's alcohol concentration within two hours of the time of driving or being in actual physical control as shown by analysis of the defendant's blood, breath or other bodily substance gives rise to the following presumptions: 1) If there was at

 that time 0.05 or less alcohol concentration in the defendant's blood, breath or other bodily substance, it may be presumed that the defendant was not under the influence of intoxicating liquor.

 A.R.S. § 28–1381.G.1. We cite to the current version of the statute as any changes to it do not affect this decision.

with the evidence outlined above, to show that he may have recklessly pursued a course of conduct that would inevitably create a risk of harm to others. Therefore, the trial court erred in concluding the evidence of Becker's consumption of alcohol was not relevant to the jury's evaluation of Belliard's claim for punitive damages. Because the jury did not award punitive damages to Belliard, we remand to the trial court for a new trial on her punitive damages claim as explained below.

¶ 17 Belliard also contends the jury's modest compensatory award resulted from the court's erroneous exclusion of evidence of Becker's drinking. In response, Becker argues:

> The primary issue in this case is causation.... The jury heard testimony from [Belliard], her surgeon, her expert and Becker's expert and then concluded that her surgery and abdominal injuries were not caused by this accident, despite the bizarre circumstances. The lack of causation is the sole reason for the jury's "modest" verdict, not the preclusion of evidence relating to [Becker's] alcohol consumption prior to the accident.

As it pertains to the jury's compensatory damages award, we agree with Becker.

¶ 18 At trial, the jury heard conflicting evidence on the cause of Belliard's 2003 injuries. Dr. Robert Louis Kistner, Jr., the general surgeon that performed her surgery, diagnosed Belliard with a microperforation of the proximal jejunum (a portion of the small intestine) that had subsequently sealed. Dr. Elizabeth McConnell, a colon and rectal surgeon, testified that even though Belliard had surgery because she fell playing volleyball, the car accident set up her bowel to have such an injury. In contrast, Dr. Charles Allen, the medical director of trauma services at Banner Good Samaritan Hospital, testified the traffic incident did not cause Belliard's microperforation of the proximal jejunum. Further, Dr. Allen testified he had never seen "an acute injury that the body [would not] have healed in [six] months." Dr. Kistner also testified it seemed reasonable that Belliard had sustained the perforation because of the events that occurred on the volleyball field.

¶ 19 Becker conceded negligence and liability at trial. As a result, the substantial focus of the trial was not whether Becker caused the car accident, but whether the car accident caused the microperforation of Belliard's proximal jejunum. The jury evaluated the competing expert testimony and determined that Belliard was entitled to a $3600 award for the damages she suffered from Becker's negligence. By awarding Belliard only $3600 in damages, the jury apparently determined that Belliard's 2003 medical problems were caused by her fall while playing sand volleyball, not the accident caused by Becker. "The credibility of a witness' testimony and the weight it should be given are issues particularly within the province of the jury." *Estate of Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 287, ¶ 12, 9 P.3d 314, 318 (2000) (quoting *Kuhnke v. Textron, Inc.*, 140 Ariz. 587, 591, 684 P.2d 159, 163 (App.1984)) (internal quotation marks omitted); *see also Callender v. Transpacific Hotel Corp.*, 179 Ariz. 557, 562, 880 P.2d 1103, 1108 (App.1993) (holding this court will not reweigh conflicting evidence presented to a jury when determining whether there was sufficient evidence to support a judgment). It was within the jury's province to accept the testimony of Drs. Kistner and Allen that Belliard's injuries were not caused by the accident involving Becker and we will not disturb this finding on appeal.

¶ 20 Because Becker conceded negligence and liability at trial, whether he was negligent and whether his negligence caused harm were never at issue. The jury's determination of damages was fully informed by the opinions of the experts on both sides of the question. Its apparent rejection of Belliard's claim that the auto accident caused the microperforation of her proximal jejunum was not affected by whether or not the accident resulted in whole, in part, or not at all, from Becker's consumption of alcohol. Thus, on remand, Belliard is not entitled to a retrial on the issue of compensatory damages.

2. *Extent of the Remand*

¶ 21 Becker asserts that if a new trial is granted, it should be a partial retrial only,

limited to the issue of punitive damages. We agree.

¶ 22 Whether this court may remand a case for a partial retrial limited to punitive damages is an issue of first impression in Arizona; however, courts in several other states have approved such a procedure under circumstances such as these. *See, e.g., Shortridge v. Rice*, 929 S.W.2d 194, 197–98 (Ky. Ct.App.1996) (permitting a partial retrial limited to the plaintiff's punitive damages claim because "the issue of punitive damages is 'distinct and severable' from the issue of liability" when liability has not been challenged, a retrial would not result in injustice and the trial court erred in refusing to instruct the jury that it could award punitive damages) (citation omitted); *Hoffman v. Stamper*, 385 Md. 1, 867 A.2d 276, 304 (2005) (holding the lower court did not err in ordering a partial remand for a new trial limited to the punitive damages claim); *Nugent v. Kerr*, 543 N.W.2d 688, 690–91 (Minn.Ct.App. 1996) (remanding for a new trial limited to the punitive damages claim when the trial court erred in granting the defendant a directed verdict on the plaintiff's punitive damages claim); *Burnett v. Griffith*, 769 S.W.2d 780, 790–91 (Mo.1989) (remanding for a new trial limited to the punitive damages claim after finding the trial court erred in refusing to instruct the jury on the plaintiff's punitive damages claim); *Honeywell v. Sterling Furniture Co.*, 310 Or. 206, 797 P.2d 1019, 1023 (1990) (noting that "[b]ecause the error that occurred in th[at] case affect[ed] only the availability and amount of punitive damages, it [was] appropriate to remand the case for retrial only on those issues") (citation omitted).

¶ 23 Belliard argues that a partial retrial limited to punitive damages "would put the jurors in an impossible situation" if "they heard nothing about the injuries caused." However, during oral argument on appeal, Becker conceded that if there was a partial retrial on punitive damages, all of the evi-

dence from the first trial would be admissible.[2]

¶ 24 Belliard also argues that a partial retrial on punitive damages would permit the jury to award punitive damages "in the absence of an award of actual damages," citing *Lisa v. Strom*, 183 Ariz. 415, 904 P.2d 1239 (App.1995), *Carter–Glogau Laboratories, Inc. v. Construction, Production & Maintenance Laborers' Local 383*, 153 Ariz. 351, 736 P.2d 1163 (App.1987), and *Fousel v. Ted Walker Mobile Homes, Inc.*, 124 Ariz. 126, 602 P.2d 507 (App.1979). However, these cases are distinguishable because they hold a plaintiff is not entitled to receive punitive damages unless he has proved actual damages. *Lisa*, 183 Ariz. at 420–21, 904 P.2d at 1244–45 (citation omitted); *Carter–Glogau*, 153 Ariz. at 357, 736 P.2d at 1169 (citation omitted); *Fousel*, 124 Ariz. at 129, 602 P.2d at 510 (citations omitted). In this case, a jury already concluded that Belliard has proved actual damages; therefore, she is entitled to punitive damages if the jury finds she presents clear and convincing evidence that Becker "pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *See supra* ¶ 14 (quoting *Olson*, 162 Ariz. at 177, 781 P.2d at 1018) (internal quotation marks omitted).

¶ 25 "[W]here a distinct and severable issue is to be decided, a trial on that issue alone is appropriate unless such a retrial would result in injustice." *Shortridge*, 929 S.W.2d at 198 (citations omitted). In this case, we find the issue of punitive damages is "distinct and severable" from the issue of compensatory damages, particularly because the evidence of alcohol consumption is admissible only for purposes of punitive damages. *Id.* Thus, we reverse the judgment in part and remand for a partial retrial limited to Belliard's punitive damages claim.[3]

## CONCLUSION

¶ 26 For the reasons stated above, we hold the trial court erred by concluding the evi-

---

2. The issue of what evidence other than that relating to alcohol consumption is admissible at trial on remand was not before this court and we therefore have not addressed it.

3. We note that because the trial court excluded the evidence of alcohol consumption on relevance grounds, the court did not balance the prejudicial nature of the evidence against its probative value under Rule 403. We express no opinion on this issue.

dence of Becker's consumption of alcohol prior to the accident was irrelevant to Belliard's claim for punitive damages. We remand for a partial retrial limited to Belliard's punitive damages claim.

CONCURRING: DIANE M. JOHNSEN and G. MURRAY SNOW, Judges.

