IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KENNETH FIELDS, et al.,
*Plaintiffs/Appellees*,

v.

ELECTED OFFICIALS RETIREMENT PLAN,
*Defendant/Appellee*,

STATE OF ARIZONA,
*Defendant/Appellant*.

No. 1 CA-CV 18-0126
FILED 2-6-2020

Appeal from the Superior Court in Maricopa County
No. CV2017-001200
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Osborn Maledon, P.A., Phoenix
By Colin F. Campbell
*Counsel for Plaintiffs/Appellees*

Arizona Attorney General's Office, Phoenix
By Paula S. Bickett, Andrew G. Pappas, Nancy M. Bonnell,
Charles A. Grube, Eryn M. McCarthy
*Counsel for Defendant/Appellant State of Arizona*

---

**OPINION**

---

Judge David D. Weinzweig delivered the opinion of the Court, in which Presiding Judge Kent E. Cattani and Chief Judge Peter B. Swann joined.

---

**W E I N Z W E I G**, Judge:

¶1         A.R.S. § 12-341.01 allows the superior court to award reasonable attorney fees to the successful party in a contested action arising out of contract.  Courts have held that fees may only be awarded under the statute if the successful party has a "genuine financial obligation" to compensate an attorney.  At issue here is what that means.

¶2         Plaintiffs and their attorneys entered a contingent fee agreement here that limited attorney compensation to any potential court-ordered fee award under the statute.  The superior court found that Plaintiffs assumed a genuine financial obligation to compensate their attorneys under this agreement and granted their request for reasonable attorney fees under § 12-341.01.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶3         Plaintiffs Ken Fields and Gerald Porter are retired state court judges and members of the Elected Officials Retirement Plan (EORP), a defined benefit retirement plan for judges and other elected officials, which is funded by various sources, including employer and employee contributions.  The legislature modified EORP in 2013 to cap employer contributions at 23.5 percent of aggregate payroll.  *See* A.R.S. § 38-810 (2014).  Before then, employer contributions were set and made based on actuarial methods and assumptions consistent with generally accepted accounting standards.

### A.     The Fee Agreement

¶4         Plaintiffs retained the Osborn Maledon law firm in January 2017 to pursue claims for declaratory and injunctive relief but not damages "arising from [the] 2013 statutory change capping employer contributions to the EORP."  Plaintiffs and Osborn Maledon entered a written contingent fee agreement.  The law firm agreed to "limit recovery of [its attorney] fees to those fees and costs awarded by the [superior court] under any applicable fee shifting statute."

¶5 To that end, the fee agreement obligated Plaintiffs, if ultimately successful, to request a court-ordered award of attorney fees under A.R.S. § 12-341.01 and to surrender any award to counsel:

> If the case is successfully prosecuted or settled, *Clients shall petition the Court for fees and costs* under any applicable fee shifting statute.
>
> ** ** **
>
> *Client[s] agree to pay those fees and costs over to Attorneys.* Attorneys' fees will be payable only out of recovery, and if no recovery is obtained, no fees shall be payable to Attorneys.

(Emphasis added).

### B. The Lawsuit

¶6 Plaintiffs sued EORP and the State of Arizona for a declaratory judgment that the statutory cap on employer contributions breached their contract and violated the Arizona Constitution, and sought a mandatory injunction against EORP to set employer contribution rates as required by the law. Plaintiffs sought no money damages but did request an award of attorney fees and costs under A.R.S. § 12-341.01 and the private attorney general doctrine.

¶7 After a bench trial, the superior court held the State's statutory cap on EORP contributions violated Plaintiffs' contract and the Arizona Constitution. *See* Ariz. Const. art. 29, § 1 (A). The court ordered the State to "set the employer contribution rates and other funding for EORP, as a whole, based on actuarial methods and assumptions that are consistent with generally accepted accounting standards."

¶8 The superior court also ruled that Plaintiffs were "entitled to at least some of their reasonable costs and attorneys' fees under the private attorney general doctrine and A.R.S. § 12-341.01," and directed Plaintiffs to file a fee affidavit. Plaintiffs requested $62,943 in attorney fees and $2,355.30 in costs. The State countered that fees should be denied or "greatly reduce[d]" for various reasons, including that Plaintiffs "had no obligation to pay any fees to Osborn Maledon, [and] instead agree[d] that the firm could have any fees that a court might assess against the defendants." After more briefing, the court held "[t]he private attorney general doctrine [did] not apply," but still awarded fees under A.R.S. § 12-

341.01, reasoning that Plaintiffs had assumed a "sufficient financial obligation" under the contingent fee agreement because they "agree[d] to pay any attorney fees awarded to the lawyers." Even so, the court reduced the award by twenty percent because Plaintiffs had not secured all relief requested.

**¶9**        The court eventually entered a revised final judgment for Plaintiffs, awarding $46,088.80 in attorney fees, $1,899 in costs and post-judgment interest at 5.25 percent. The State timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶10**        The State contends that Plaintiffs did not qualify for an award of attorney fees under A.R.S. § 12-341.01. We interpret and apply the statute de novo. *Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 13, ¶ 12 (App. 2000).

**¶11**        Section 12–341.01(A) provides that a court may award reasonable attorney fees to the successful party in any contested action arising out of a contract. The statute further directs that a fee award "need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B). To recover fees under the statute, the successful party must therefore show it entered an attorney-client relationship and assumed a genuine financial obligation to compensate the attorney. *Moedt v. General Motors Corp.*, 204 Ariz. 100, 103, ¶ 11 (App. 2002).

**¶12**        The State does not contest that Plaintiffs entered an attorney-client relationship with the Osborn Maledon law firm or that Plaintiffs succeeded in a contested action arising out of a contract. Rather, the State argues that Plaintiffs cannot recover any attorney fees because they "never paid or agreed to pay their lawyers" under § 12-341.01(B). We disagree.

**¶13**        Plaintiffs "agreed to [pay]" counsel here and thus qualified for an award of fees not to exceed that amount. A.R.S. § 12-341.01(B). We interpret a statute to achieve the legislature's intent, which is best expressed by its plain language. *SolarCity Corp. v. Ariz. Dep't of Revenue*, 243 Ariz. 477, 480, ¶ 8 (2018). Plaintiffs entered a written fee agreement with the law firm that required Plaintiffs to perform two affirmative acts if successful in the lawsuit. Plaintiffs promised first to "petition" the superior court for an award of attorney fees and costs under the fee-shifting statute, and promised then to surrender "those fees and costs over to" counsel. Those twin promises are contractually enforceable under Arizona law and

4

represent a genuine financial obligation to compensate counsel. *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 545 (1982).

¶14         The conditional nature of payment does not diminish the genuine financial obligation. Arizona courts have long recognized that attorney fees are recoverable under § 12-341.01 "when the contract between the party and the attorney is a contingency-fee agreement," reasoning that "[a]fter obtaining a judgment, a client who has retained counsel on a contingency basis must surrender the agreed upon percentage of the judgment as remuneration." *Id.*

¶15         Even so, the State contends this case is different than *Sparks* because the clients there sought damages and entered a contingent fee agreement that required them to compensate counsel "out of whatever [damages] they recover," rather than merely "turn over whatever attorney fees a court awards." But § 12-341.01 only requires an agreement to pay counsel—it never mentions or limits the source of payment. And clients remain on the hook under either arrangement because payment must be surrendered—whether from an independent fee award (here) or as a percentage of the damages award (there).

¶16         If contingent fee clients must seek and recover money damages to qualify for an award of attorney fees under § 12-341.01, and recovery of declaratory and injunctive relief is not enough, the result will be an unintended and undesirable emphasis on damages. Section 12-341.01 was enacted to mitigate the "expense of litigation to establish a just claim or a just defense," not to encourage more lawsuits for money damages in lieu of meaningful injunctive or declaratory relief. *Cf. Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (rejecting strict limitation on fee awards in civil rights litigation).

¶17         Another consequence of the State's argument, if accepted, would be to curtail public interest litigation where individuals band together and retain contingent fee counsel to pursue contract-related injunctive and declaratory relief, but have no money damages. For clients who lack the means to retain competent representation, a contingent fee agreement to surrender any fee-shift award represents the only economic option—shifting the risk and expense of litigation to counsel. *Cf. Arnold v. Ariz. Dep't of Health Servs.*, 160 Ariz. 593, 608 (1989) ("Attorney's fees should not be limited by the fact that the plaintiffs are indigent and that their attorneys accepted the case on a pro bono basis."). Nothing in § 12-341.01 shows this fee arrangement is outside its reach.

¶18            The State also insists that Plaintiffs' award of attorney fees represents a "windfall" that contravenes the purpose of fee awards under § 12-341.01.  But Plaintiffs' fee award tracks the express and recognized purposes of § 12-341.01, which are to "mitigate the burden of the expense of litigation to establish a just claim or a just defense," and to encourage an early and ongoing assessment of the merits and facilitate settlement. *Chaurasia v. Gen. Motors Corp.*, 212 Ariz. 18, 29, ¶ 43 (App. 2006).  A fee award here mitigates the burden of litigation expenses incurred by counsel to establish Plaintiffs' claims.  Neither the statute nor common law requires clients to personally assume "the burden of the expense," *Catalina Foothills Ass'n, Inc. v. White*, 132 Ariz. 427, 428 (App. 1982), which if required would defeat the rationale of contingent fee agreements.  And given the contingent fee agreement, it was imperative for all counsel to perform an early, comprehensive appraisal of claims and defenses.

¶19            Meanwhile, the State asserts that § 12-341.01 is intended to make litigants whole for having to pay attorney fees from their own pocket.  But the State arrogates that purpose from a different statute, A.R.S. § 12-349, as applied in *Lisa v. Strom*, 183 Ariz. 415, 417 (App. 1995), where attorney fees were awarded as a *sanction* against defendants for pressing a groundless defense and abusing discovery.  And even there, the court only mentions the rationale to justify its denial of attorney fees to self-represented "attorney-litigants." *Id.* at 420 ("[A] financial obligation from the community to itself is no obligation at all.  An award of fees is therefore inappropriate.").

¶20            Nor can the fee award be characterized as an unreasonable or unearned "windfall."  The statute independently requires any fee award to be reasonable, both as to the number of hours devoted and billing rates. *See* A.R.S. § 12-341.01(A), (B).  The State again misrelies on *Lisa*, which warned about the perception of "windfalls" where self-represented "attorney-litigants" seek to recover attorney fees for representing themselves.  183 Ariz. at 419 ("The general rule against awarding fees to attorney-litigants is based upon a perception that such awards are windfalls to persons who have spent no money and incurred no debt for legal representation.").  This case raises no such concern because Plaintiffs were represented by Osborn Maledon and contractually bound to surrender any fee award to them.

¶21            The superior court did not abuse its discretion in awarding attorney fees to Plaintiffs.

**CONCLUSION**

**¶22** We affirm the superior court's fee award to Plaintiffs. We grant Plaintiffs their costs and reasonable attorney fees on appeal under A.R.S. §§ 12-341 and -341.01 upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA