NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

SUGEY VERONICA LOPEZ, *Petitioner/Appellant,*

*v.*

SABAS LOPEZ, JR., *Respondent/Appellee.*

No. 1 CA-CV 23-0016 FC
FILED 01-18-2024

Appeal from the Superior Court in Maricopa County
No.  FC2021-091008

The Honorable Lisa Stelly Wahlin, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

McCulloch Law Offices, Tempe
By Diana McCulloch
*Counsel for Petitioner/Appellant*

Rader Law Firm PLLC, Phoenix
By Diana I. Rader
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Maria Elena Cruz joined.

---

**C A T L E T T**, Judge:

¶1 Sugey V. Lopez ("Mother") appeals from the decree dissolving her marriage to Sabas Lopez, Jr. ("Father"). Mother challenges the superior court's decisions regarding joint legal decision-making authority, parenting time, preclusion of her witness's testimony, child support, spousal maintenance, and the division of certain assets. We vacate the legal decision-making and parenting time orders, and remand for the court to fully consider Mother's evidence and make the required statutory findings. We also vacate the child support and spousal maintenance orders, and remand for recalculation. We affirm in all other respects.

## FACTS AND PROCEDURAL HISTORY

¶2 The parties married in 2004. They have two children, born in 2007 and 2011. During the marriage, Father worked as a truck driver and Mother was a stay-at-home mom.

¶3 In March 2021, Mother filed to dissolve the marriage. She also obtained an order of protection against Father, alleging multiple instances of domestic violence. Father denied committing domestic violence but did not contest the order of protection.

¶4 During the dissolution trial, Mother described the instances of domestic violence that led her to seek the order of protection. She described being threatened and stalked by Father, who she alleged placed GPS devices on her car and cameras in, and near, the marital residence. Once again, Father denied committing domestic violence.

¶5 On November 7, 2022, the superior court issued a Decree of Dissolution of Marriage ("Decree"). The court acknowledged Father committed an act of domestic violence but found he had rebutted the statutory presumption against awarding legal decision-making to an offending parent. *See* A.R.S. § 25-403.03(D). The court also found Father had sufficiently shown that his parenting time would not endanger the children or significantly impair their emotional development. *See* § 25-

2

403.03(F). The court awarded the parties joint legal decision-making authority and equal parenting time on a week-on, week-off basis. Because their 16-year-old daughter had refused to see Father for over a year, the court structured the parenting plan to gradually increase Father's parenting time with her over several weeks. By separate order, the court also appointed a therapeutic interventionist.

**¶6** Regarding child support, the court found Father had income of $3,000 per month and ordered him to pay Mother $310 per month for child support. But regarding spousal support, the court concluded that, although Mother established that she was entitled to spousal support, Father was not capable of paying spousal maintenance.

**¶7** As to marital assets, Father claimed to own a trucking business, which consisted of a truck and a trailer, and awarded those assets to him. The court also awarded Mother their bank and investment accounts as part of the property equalization.

**¶8** Mother timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I. Legal Decision-Making and Parenting Time

**¶9** "We review the superior court's legal decision-making and parenting time orders for an abuse of discretion." *DeLuna v. Petitto*, 247 Ariz. 420, 423 ¶ 9 (App. 2019). The court abuses its discretion "when the record is 'devoid of competent evidence to support the decision,' or when the court commits an error of law in the process of reaching a discretionary conclusion." *Engstrom v. McCarthy*, 243 Ariz. 469, 471 ¶ 4 (App. 2018). We do not reweigh conflicting evidence or second-guess the court's credibility assessments. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284 ¶ 20 (App. 2019); *Hurd v. Hurd,* 223 Ariz. 48, 52 ¶ 16 (App. 2009).

**¶10** To determine legal decision-making authority and parenting time, the court considers the best-interests factors listed in § 25-403(A), including whether there has been domestic violence under § 25-403.03. A.R.S. § 25-403(A)(8). In contested cases, the court must make "specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). A court's failure to make the required findings is an abuse of discretion. *Hurd*, 223 Ariz. at 51 ¶ 11.

**¶11** The court failed to fully consider all record evidence bearing on the issue of domestic violence. The court also failed to make certain statutory findings required under § 25-403.03. We, therefore, vacate the court's legal decision-making and parenting time orders and remand for the court to, in the first instance, conduct the analysis anew and make all required findings. *See DeLuna*, 247 Ariz. at 422 ¶ 5. In so doing, we express no view on the ultimate merits of the parties' arguments.

### A. Domestic Violence Under § 25-403.03(A) and (D)

**¶12** Under § 25-403.03(A), the court cannot award joint legal decision-making authority if it finds either "significant domestic violence" or "a significant history of domestic violence." The court has "discretion to weigh the evidence and determine the degree of the domestic violence's 'significance' for the purpose of § 25-403.03(A)[.]" *DeLuna*, 247 Ariz. at 424 ¶ 15.

**¶13** Mother argues the superior court's finding that Father committed "an act of domestic violence," and nothing more significant, ignored her evidence that Father did more, including stalking her in early 2021. She asserts that this stalking was also domestic violence and should have precluded an award of joint legal decision-making authority.

**¶14** Regarding domestic violence, the superior court found,

> Mother alleges two acts of domestic violence. Specifically, Mother testified that Father attacked her physically on January 28, 2021 by trying to lick her face, and that on February 28, 2021 Father shook her, causing her to fall and bruise her legs. Mother also testified that there were other domestic violence incidents from 2010 to 2011 but, other than the two incidents in 2021, Mother did not provide any details regarding any other domestic violence between the parties. On cross-examination, Mother stated that during the marriage police were never called to [the] residence regarding domestic violence.

On this basis, the court concluded that Father committed "an act" of domestic violence under A.R.S. § 25-403.03(D).

**¶15** These factual findings, however, disregard Mother's evidence supporting that Father stalked and threatened her. For instance, Mother testified that in early 2021 Father began monitoring her with "surveillance cameras." She described cameras "[i]n front of the house and also in the

back, in the living room, in my bedroom, and in the hall -- hallway."
According to Mother, Father also took pictures of her naked and threatened
to publish them if she did not bar certain people from the marital residence.
Mother also testified that he tracked her using GPS devices and would text
her "I'm watching you" every time she went to see her attorney.

**¶16** Other evidence of stalking included text messages Father sent
to Mother stating that "I'll always be watching even when I'm not there.
Jajajajajja." He also accused her of leaving the children home alone and told
her that he is going to "get" her in court.

**¶17** Stalking is domestic violence. *See* A.R.S. § 13-3601 (including
stalking pursuant to A.R.S. § 13-2923 in the definition of domestic violence).
And, as noted, Mother presented evidence which might support a finding
that Father stalked her in 2021. Thus, the superior court's statement that
"other than the two incidents in 2021, Mother did not provide any details
regarding any other domestic violence between the parties" does not take
full account of Mother's arguments and evidence. *See Flying Diamond
Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50 ¶ 27 (App. 2007) (finding a court
abuses its discretion when it reaches a conclusion without considering the
evidence).

**¶18** To be clear, we agree with the superior court's conclusion that
Father, at the very least, committed an act of domestic violence under § 25-
403.03(D). Nonetheless, we vacate the legal decision-making decision
because the record suggests the court erroneously believed Mother alleged
only two acts of domestic violence, when Mother alleged more. The court,
therefore, did not fully consider all relevant evidence when deciding
whether Father's domestic violence was either "significant" domestic
violence or part of a "significant history of domestic violence" under § 25-
403.03(A). We remand to allow the court to conduct that analysis anew,
considering all of Mother's evidence, including evidence of stalking. *See
DeLuna*, 247 Ariz. at 423 ¶ 11.

### B. The Presumption Against Sole or Joint Legal Decision-Making Authority Under § 25-403.03(D) and (E)

**¶19** If the court finds domestic violence that was not "significant,"
there is still "a rebuttable presumption that an award of sole or joint legal
decision-making to the parent who committed the act of domestic violence
is contrary to the child's best interests." A.R.S. § 25-403.03(D). In deciding
whether the offending parent has rebutted this presumption, the court must
make written findings on each relevant factor listed in § 25-403.03(E)(1)–(6)

and explain the reasons its decision is in the children's best interests. *DeLuna*, 247 Ariz. at 423 ¶ 12; A.R.S. § 25-403(B). These factors are:

1. Whether the parent has demonstrated that being awarded sole or joint legal decision-making or substantially equal parenting time is in the child's best interests.

2. Whether the parent has successfully completed a batterer's prevention program.

3. Whether the parent has successfully completed a program of alcohol or drug abuse counseling, if the court determines that counseling is appropriate.

4. Whether the parent has successfully completed a parenting class, if the court determines that a parenting class is appropriate.

5. If the parent is on probation, parole or community supervision, whether the parent is restrained by a protective order that was granted after a hearing.

6. Whether the parent has committed any further acts of domestic violence.

A.R.S. § 25-403.03(E).

¶20 Mother argues the superior court abused its discretion by finding that Father rebutted the presumption. She contends the court's findings were contrary to her evidence and the order of protection against Father. The court found as follows:

Father's witness, Justin Nelson, testified that he has known Father for 20 years. He testified that his family has taken family trips with Mother and Father and their children. Mr. Nelson testified that he has never seen any disagreements between Mother and Father.

Father's sister, Estrella Ruiz, also testified. Ms. Ruiz stated that she spent a significant amount of time with the parties, at their house, and she has never observed, or heard about, any domestic violence between the parties.

Father denies any domestic violence during the marriage. Father admitted that he and Mother had a disagreement in February 2021 but it was not physical.

These findings do not address the factors in § 25-403.03(E)(1)–(6) or explain why the court's decision is in the children's best interests. A.R.S. § 25-403(B). The court's failure to make the required findings was an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273 ¶ 11 (App. 2013).

### C.    Parenting Time Under § 25-403.03(F)

**¶21**        If the court finds a parent has committed an act of domestic violence, the offending parent bears the burden to show "that parenting time will not endanger the child or significantly impair the child's emotional development." A.R.S. § 25-403.03(F). If this burden is met, "the court shall place conditions on parenting time that best protect the child and the other parent from further harm." *Id.*

**¶22**        Mother contends there is no support in the record for the superior court's finding that Father having parenting time with their 16-year-old daughter would not endanger her safety or significantly impair her emotional development. Contrary to Mother's assertion, there is record evidence supporting the court's finding, such as Mother's testimony that she encouraged the children to have parenting time with Father, or Father's testimony that he had a good relationship with his children before the divorce. But the superior court was required to articulate its own reasons for its finding. We cannot on appeal provide our own reasoning to support an otherwise unsupported conclusion. *See* A.R.S. § 25-403.03(F). We remand for the court to articulate the reasons for its conclusion that Father's parenting time would not endanger or significantly impair his daughter's emotional development.

## II.    Preclusion of Witness Testimony

**¶23**        Mother argues the superior court abused its discretion by precluding her witness from testifying about an incident where Father allegedly made an inappropriate comment and gesture to the witness. Mother asserts this evidence was relevant concerning whether Father's parenting time would cause emotional harm to their 16-year-old daughter. We will affirm the "exclusion of evidence absent a clear abuse of discretion[.]" *Belliard v. Becker*, 216 Ariz. 356, 358 ¶ 13 (App. 2007); *see also* Ariz. R. Evid. 611(a)(1), (2).

¶24 At trial, Mother sought to question her niece regarding comments and gestures Father allegedly made to her niece when she was 14 years old. Father objected to this testimony as irrelevant and prejudicial. The court provided Mother an opportunity to respond. She argued that the witness's testimony was relevant because it explained why their daughter feared Father. After considering the objection, as well as Mother's response, the court ruled that the testimony was irrelevant because "we already know that [the daughter] has an issue with Father, which should be addressed by counseling." The court's exclusion of the testimony on this basis was not an abuse of discretion.

## III.  Spousal Maintenance and Child Support

¶25 We review the court's denial of spousal maintenance for an abuse of discretion and will affirm the decision if reasonable evidence supports it. *Helland v. Helland*, 236 Ariz. 197, 202 ¶ 22 (App. 2014). We also review child support awards for an abuse of discretion and accept the superior court's findings of fact unless clearly erroneous. *Engel v. Landman,* 221 Ariz. 504, 510 ¶ 21 (App. 2009).

### A.  Father's Ability to Pay Spousal Maintenance

¶26 Mother challenges the superior court's finding that Father "is not capable of paying spousal maintenance." She argues that the only finding in the Decree concerning Father's ability to pay spousal maintenance is found in the child support worksheet, which reflects Father's income of $3,000 per month.

¶27 The superior court concluded that, although Mother established she was entitled to spousal maintenance under A.R.S. § 25-319(A), Father was not capable of paying maintenance. The Decree, however, contains no other findings concerning Father's ability to pay spousal maintenance. The court's only findings on Father's income are found in the child support worksheet, which was incorporated into the Decree. There, the court found Father had a child support income of $3,000 per month. The only other relevant finding on the child support worksheet is that Father had "Discretionary Income" of $1,225.07 per month. The court's finding that Father has discretionary income contradicts its conclusion that he is unable to pay spousal maintenance. Because the limited record does not support the court's conclusion about Father's ability to pay maintenance, we vacate and remand for the court to reconsider spousal maintenance under the new Arizona Spousal Maintenance Guidelines. *See* A.R.S. § 25-319 app., available at

https://www.azcourts.gov/familylaw/Child-Support-Family-Law-Information/Spousal-Maintenance-Guidelines.

### B.     Father's Child Support Income

**¶28**     Mother next challenges the superior court's finding that Father had a child support income of $3,000 per month.  She asserts this finding was contrary to the evidence and contradicts Father's statements to the bankruptcy court that his income was $6,049 per month.  She argues the court should have attributed this higher amount to him because, otherwise, every parent or spouse will be allowed "to simply shrug their financial responsibilities to their spouse and children."

**¶29**     The record supports the court's finding that Father had a child support income of $3,000 per month.   The record includes Father's testimony that he earns $3,000 per month as well as his Affidavit of Financial Information listing his monthly income as $3,000.  Regardless, because we remand for the calculation of spousal maintenance, and because spousal maintenance is a factor in determining child support, we also vacate and remand for the court to recalculate child support in conjunction with its calculation of spousal maintenance.

## IV.     Community Property Division.

**¶30**     Mother argues she is entitled to one half of two bank accounts. When apportioning community property and debts, the court has broad discretion to achieve an equitable result.  *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451 ¶ 13 (App. 2007).   Generally, the court should equally divide marital property unless there is good reason for the court to do otherwise. *Toth v. Toth*, 190 Ariz. 218, 221 (1997).  When a spouse acquires property after he or she is served with a petition for dissolution of marriage, that property is the spouse's separate property if the petition ultimately results in a dissolution decree.  A.R.S. § 25-213(B).

### A.     Navy Federal Credit Union Account

**¶31**     Mother argues she is entitled to one half of the balance in a Navy Federal Credit Union account as reflected on the statement from February 10 through March 9, 2021.  She does not explain what the balance was or why she should receive one half of it.  She also fails to provide support for her argument or any citation to legal authority.  *See* Ariz. R. Civ. App. P. 13(a)(7)(A).  Based on our understanding of what Mother argues, we disagree that the superior court abused its discretion.

¶32 Father testified he withdrew about $9,500 in cash from the Navy Federal Credit Union account for his legal fees. He acknowledged that Mother was entitled to one-half of that amount. He testified that he used the remainder of the account to pay for business and household expenses. He also testified that on the date of service—March 23, 2021—there was no money left in the account. The superior court valued the account at $5,035.89 and awarded Mother this amount as part of its property equalization. We discern no abuse of discretion in the court's division of this bank account.

### B. Emerald Logistics' Chase Bank Account

¶33 Mother also argues she is entitled to "one half of all sums deposited into the Emerald Logistics Chase Account." Once again, she does not explain what that amount is or why that amount would be appropriate. Instead, she argues she is entitled to one-half of these funds because the superior court found that Emerald Logistics was a community business.

¶34 The court noted Father began preparing to take over JL Transport in 2020, and he was named the statutory agent by March 2020. The court found the sole assets of this business were a truck and a trailer, which Father purchased with community funds. Based on these findings, the court awarded Father the truck and trailer. It awarded Mother other assets to equalize the property division.

¶35 Father testified that he transferred these assets from JL Transport to Emerald Logistics after termination of the marital community. *See* A.R.S. § 25-213(B). He further testified that Emerald Logistics had no assets other than the truck and trailer from JL Transport. According to Emerald Logistics' bank account, it received its first deposits in April 2021, a month after the community ended. The record does not support that the court abused its discretion by failing to award Mother one-half of the gross deposits into the Emerald Logistics account.

## V. Attorneys' Fees on Appeal

¶36 Both parties request attorneys' fees on appeal under A.R.S. § 25-324. We have considered the parties' relative financial resources and the reasonableness of their appellate positions. In the exercise of our discretion, we decline to award attorneys' fees. Because Mother is partially successful on appeal, she is entitled to recover her taxable costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See Henry v. Cook*, 189 Ariz. 42, 44 (App. 1996) (under A.R.S. § 12-341, "the party who obtains partial success is entitled to recover" all costs).

**CONCLUSION**

¶**37**        We vacate the legal decision-making and parenting time orders and remand for reconsideration, including all required written findings. We also vacate the child support and spousal maintenance orders, and remand for recalculation under the respective guidelines. We affirm the Decree in all other respects.



AMY M. WOOD • Clerk of the Court
FILED:    TM